# THIRD DISTRICT, 1894.

### J. N. NAUGHER V. G. M. PATTERSON ET AL.
### No. 1035.

1. **Petition—Cause of Action—Demurrer.**—Suit by heirs against a defendant alleged to have taken possession of the real and personal property of the estate and collecting its rents. Discovery, accounting, and recovery were asked. The petition was not indorsed as required in actions in trespass to try title. The defendant excepted to the petition, because not so indorsed; did not allege unlawful ouster; did not allege possession nor specify cloud to be removed from title. *Held*, the exceptions were properly overruled.

2. **Insufficient Evidence.**—Defendant relied upon an instrument (set out in the opinion) claimed to be a deed for the property. Touching its effect in evidence, the court *Held*, that there was not sufficient evidence of its delivery as a deed, and while testamentary in character, it had not been probated. In neither case did it prove title in defendant.

3. **Motion for New Trial—Case in Judgment.**—Defendant in motion for new trial alleged, that the paper title relied upon had been propounded for probate and its probate refused by the County Court, from which refusal defendant had appealed. It was also urged, that a new trial should have been granted and trial postponed, so that the instrument and its probate might be produced. It appeared in the order of the Probate Court refusing probate, "that it does not appear that it (the instrument) was executed with the formalities and under the circumstances required by law to make it a will." *Held*, that the affidavit for new trial should have alleged that the paper had been executed under such circumstances as are required by the statute, or should have stated facts expected to be proven that would have entitled it to probate as a will.

4. **Tenants in Common—Real Estate—Personalty.**—A number of tenants in common less than the whole sued for the recovery of lands, rents thereon, and for money inherited by plaintiffs and withheld by the defendant. Recovery by plaintiffs of the lands sued for and for rents collected for the entire sum of money of the estate in hands of defendant. On appeal by defendant, the recovery of the real estate was affirmed, but as to the rents and the moneys due the tenants in common, the plaintiffs suing could only recover the share they were entitled to.

APPEAL from Travis.   Tried below before Hon. F. G. MORRIS.

The nature of the petition appears in the opinion.

The defendant pleaded general demurrer and special demurrer: 1. The action is not sufficient as a suit of trespass to try title, because (1) it is not indorsed as required by statute; (2) it does not allege unlawful ouster by defendant; (3) it does not fix a day on which plaintiffs were ousted.

2. It is not a bill to clear cloud, because (1) they do not allege possession; (2) they do not set up the cloud it is desired to clear off.

Defendant also pleaded not guilty, and general denial.   Judgment for plaintiffs.   Other facts are given in the opinion.

*Walton, Hill & Walton,* for appellant.—1. The court erred in overruling defendant's special exception to plaintiff's petition in regard to the nonindorsement of the petition as to what pleading it was, for nonallegation as to ouster from the property sued for, and the date thereof, etc., because the petition was objectionably defective in all the particulars set up in defendant's special exception.   Rev. Stats., arts. 4786, 4787.

2. The court erred in regard to the instrument of date 18th January, 1889, from W. T. Patterson to J. L. Naugher.   [See opinion.]

(1) In construing said instrument on its face to be testamentary in character, and not a deed.

(2) In failing to conclude, both as a matter of law and fact, that said instrument was a deed, and conveyed title to take effect in future.

(3) In failing to conclude as matter of fact that said instrument was not made animo testando, but with the intention to presently vest the title to the property therein mentioned to take effect in future.

(4) In failing to conclude that the delivery of said instrument by W. T. Patterson, the maker, to J. L. Naugher, beneficiary, was full and final, and consummated the execution of the instrument in law as well as in fact, and by intention, design, and purpose.

As to character of instrument: Sayles' Civ. Stats., art. 556; Ferguson v. Ferguson, 27 Texas, 342–345, and authorities cited; Carlton v. Cameron, 54 Texas, 77.

As to delivery: Devlin on Deeds, sec. 260, et seq.; Hubbard v. Cox, 76 Texas, 242, 243, and authorities.

3. The court erred in rendering judgment against defendant for the whole of the rental and damages which had been received by defendant for said property, even if he was liable for any part thereof; because the plaintiffs were not all the heirs of W. T. Patterson, but were only about one-half of them, more or less, the other heirs not being parties to this suit; and if plaintiffs were entitled to a judgment for any sum by way of damages or rental for the detention of said property, they could not be and were not entitled to more than their pro rata share or portion thereof; but the court gave judgment for plaintiffs for the whole of the rents received and damages sustained by

reason of the detention of said property by defendant. Rev. Stats., art. 4807.

*Wheeless & Harris,* for appellees.—1.   The court committed no error in construing the pretended deed of conveyance from W. T. Patterson to J. L. Naugher to be testamentary in character and inoperative as transferring title to land—not having ever been established as a will, and having never been delivered to make it effectual as a deed.   ·

Whatever its form—by whatever name called—an instrument intended to dispose of the maker's property after his death, which is ambulatory while he lives, can be effective as a muniment of title to land only as a will, and must first be admitted to probate as such. "The statute of wills can not be evaded by giving the will the form of a deed to take effect on the death of the maker." Veal v. Fortson, 57 Texas, 488; Ferguson v. Ferguson, 27 Texas, 343; 54 Texas, 72; 41 Texas, 380, 381; 25 Texas Supp., 88, 90; 21 Texas, 690, 800; 17 Texas, 82-103; Schouler on Wills, pp. 281, 282; 1 Jarm. on Wills, pp. 34n, 39n, *37; Donald v. Nesbitt, 15 S. E. Rep. (Ga.), 367; Jordan v. Jordan, 65 Ala., 305; Harrington v. Harrington, 2 How. (Miss.), 701, 719, 720; Armstrong v. Armstrong, 4 Baxter (Tenn.), 358; Hester v. Young, 2 Kelley (Ga.), 41, 44, 46, 49, 50; Sperber v. Balster, 66 Ga., 321-323; Johnson v. Yancy, 20 Ga., 708; Wellborn v. Weaver, 17 Ga., 275, 277; Leaver v. Gauss, 62 Iowa, 314; Bigley v. Souvey, 45 Mich., 370; Hazelton v. Reed, 46 Kas., 73; Lautenschlager v. Lautenschlager, 80 Mich., 292.

In cases of trusts in form of deeds held testamentary:   Allison v. Allison, 4 Hawk (N. C.), 171; Belcher's case, 66 N. C., 53, 54; Arnold v. Arnold, 62 Ga., 630, 638; Frederick's appeal, 52 Pa. St., 341.

Supporting citations:   3 Rich. Eq. (S. C.), 453; 1 Speer Eq. (S. C.), 263; 5 Rich. Law (S. C.), 205, 208, 209; 4 McCord (S. C.), 12; 9 Rich. Eq. (S. C.), 111; 51 Pa. St., 130; 67 Ga., 768; 51 Ga., 240; 41 Ga., 212; 10 Ga., 506; 67 Md., 449; 86 Ala., 110; 42 Ala., 365, 368; 2 Ala. (N. S.), 155; 23 Ala., 446, 456; 39 Miss., 771, 772.

Admissibility of testamentary instruments:   Lagow v. Glover, 77 Texas, 150; Horton v. Garrison, 1 Texas Civ. App., 34; 19 S. W. Rep., 776; 59 Texas, 461; 14 Texas, 555.

2.   Something more is necessary to the efficacy of a conveyance than a mere manual transfer of the instrument.   There must be an absolute surrender of and parting with not only the possession but the control of the instrument, by the grantor, so as to deprive him in law of the right to recall it.   He must part with the possession of and right to recall and control the instrument, voluntarily, purposely, with the present purpose and intention that it shall thereby and at that time operate as an absolute conveyance, vesting in the grantee the title to the property described therein.   Prutsman v. Baker, 30 Wis., 645–652; Welborn v. Weaver, 17 Ga., 275; Hayes v. Boylan, 30 N. E. Rep. (Ill.), 1041; Cook v. Brown, 34 N. H., 471-476; Chadwick v. Webber,

3 Greenl. (Me.), 141; Stevens v. Stevens, 150 Mass., 558; Shurtleff v. Francis, 118 Mass., 155; Brown v. Brown, 66 Me., 322, 323; Anderson v. Anderson, 126 Ind., 64, 67; Shuffert v. Grote, 88 Mich., 650; Weber v. Christian, 121 Ill., 91; Stone v. French, 37 Kas., 145; Porter v. Woodhouse, 59 Conn., 658; Young v. Young, 80 N. Y., 422; Huey v. Huey, 65 Mo., 689; Jones v. Loveless, 99 Ind., 317; Cline v. Jones, 111 Ill., 563; Bovee v. Hinde, 135 Ill., 137, 140; Vreeland v. Vreeland, 48 N. J. Eq., 59–62, 71; Fain v. Smith, 18 Ore., 82; Weisinger v. Cock, 67 Miss., 511; Baker v. Haskell, 47 N. H., 479.

3. A portion only of tenants in common (coparceners) can recover the whole estate and damages for wrongfully withholding from them the possession thereof, as against a mere stranger and trespasser. Bigelow v. Rising, 42 Vt., 678.

Failure to plead in abatement, or to raise the question of apportionment of damages by appropriate pleading or otherwise before entry of judgment, estops the defendant from afterwards taking advantage of this waiver of the question. Camp v. Homesly, 11 Ired. (N C.), 212; Putney v. Lapham, 10 Cush. (Mass.), 234; D'Wolf v. Harris, 4 Mason (U. S.), 539; Abbe v. Clark, 31 Barb., 239; Scranton v. Bank, 24 N. Y., 426; Conklin v. Barton, 43 Barb., 438; Dickerson v. Vanderpoel, 2 Hun, 627; Rhodes v. Dymock, 33 N. Y., 144.

This rule of practice has been applied in Texas even in cases for damages for injuries done the realty. Lee v. Turner, 71 Texas, 266; Railway v. Knapp, 51 Texas, 600; 49 Texas, 728; 46 Texas, 414; 33 Texas, 478.

This case is not for injuries done the realty, but for detention of possession, to which any tenant has the right, wholly, to the exclusion of a stranger to the title.

FISHER, CHIEF JUSTICE.—We give the statement of the case as shown by the brief of appellees.

This suit was filed by appellees on March 19, 1892, as the heirs at law, next of kin, of W. T. Patterson, who died in Austin, Texas, June 23, 1891, intestate and unmarried, at the age of 76 years. He had resided in said city for more than forty years, living by himself, with a negro woman for his housekeeper, until 1886, when the appellant went to live with him as his confidential agent and attendant. The suit, while it contains all of the material allegations of trespass to try title, is in the nature of a bill in equity for discovery, accounting, and recovery of the property of the estate of said W. T. Patterson, deceased, converted by appellant to his own use upon said Patterson's death. Appellant, on May 5, 1892, filed his original answer, general demurrer, and general denial, and on April 17, 1893, his second amended original answer, consisting of general demurrer, special demurrer, not guilty, and general denial. No amendment was had by appellees. Trial was had without a jury on April 17, 1893, and judg-

ment rendered for appellees for the property described in their petition, and $4265 rents and damages.

In order to fully understand the facts of the case and its disposition by the trial court, we set out below in full the conclusions of fact and law as found by the trial court, and adopt the facts as found by the trial court as the conclusions of fact of this court:

"1. That W. T. Patterson died in the city of Austin, Texas, on the 23rd day of June, 1891, and that the plaintiffs are the heirs at law of said Patterson. That he owed no debts at the time of his death except a doctor bill, which was paid by defendant soon after his death, and that no administration has been opened on his estate, and that there is no necessity for administration.

"2. That prior to the death of said W. T. Patterson he owned and possessed lots numbers 1, 2, 3, and 4, block number 19, in the city of Austin, and at the time of his death had in his possession at his residence $860 in money and $2100 deposited in banks in Austin in his own name, and that said money still remains in said banks.

"3. That on the 18th day of January, 1889, the said W. T. Patterson, signed and requested the two subscribing witnesses, whose names appear as witnesses, to sign as witnesses, an instrument in writing, of which the following is a copy, having acknowledged in the presence of said witnesses that he had signed said instrument for the purposes and considerations therein expressed, and said witness having signed the same as witnesses at the request of said Patterson, to wit:

"'THE STATE OF TEXAS, }
    "' County of Travis.   } .

"' Know all men by these presents, that I, William T. Patterson, of said county and State, for and in consideration of the sum of twenty-five thousand (25,000) dollars to me in hand paid by J. L. Naugher, of said State and county, the receipt of which is hereby acknowledged, have this day granted, bargained, sold, and conveyed, and by these presents do hereby grant, bargain, sell, and convey unto the said J. L. Naugher the following land and real estate, to wit: Lots numbers one (1), two (2), three (3), and four (4), in block number nineteen (19), situated in the city of Austin, in Travis County, Texas, according to the map of said city now on file in the General Land Office of said State; said lots front each forty-six feet (46) on Congress avenue in said city, and run back the same width one hundred and sixty (160) feet to an alley; together with all the rights, improvements, hereditaments, and appurtenances to said lots belonging or in any wise incident or appertaining. To have and to hold unto him, the said J. L. Naugher, the said granted premises, and to his heirs and assigns, in fee simple forever, and I, the said Patterson, do hereby covenant to and with the said Naugher, that I am lawfully seized and possessed of said premises, and that I will forever warrant and defend the title to the said premises unto the said Naugher and to his heirs and assigns against the

claims of all persons whomsoever. It being, however, understood between me, the said Patterson, and the said Naugher, that this conveyance is not to take effect until my death.

"'In witness my hand this January 18, A. D. 1889.

[Signed]  "W. T. PATTERSON.

"'Witness:

[Signed]  "'W. P. BACON.
[Signed]  "'PATRICK SCOTT.'

"Which instrument was duly acknowledged and authenticated for record before Frank Brown, clerk of the County Court of Travis County.

"4. That the consideration stated in said deed was not the true consideration therefor; that no money was paid or promised to be paid by said Naugher, but that said Patterson and Naugher understood and agreed that said instrument, when it should take effect, should vest the title to the property in said Naugher in trust for him to sell the same and deliver part of the proceeds thereof to the heirs at law, and retain the remaining part for himself as a reward for living with and attending to business for said Patterson for a number of years without any charge or payment for services, as well as because of the kinship which said Naugher sustained towards said Patterson.

"5. That while it was the settled purpose of said Patterson to dispose of his property in accordance with the terms of said instrument, which he well understood, and which he explained to said Naugher, and while he made all arrangements to have it carried out, yet he never so delivered said instrument to Naugher during his life-time as to surrender control or dominion over it, and did not intend to deliver it or have it pass from his dominion during his life-time.

"6. That immediately after the death of said W. T. Patterson the defendant took possession of said $860 in money which was at the residence of said Patterson, and that defendant also took possession and control of the lots sued for herein by plaintiffs immediately after the death of said Patterson, and has ever since controlled the same and collected the rents thereof, amounting in the aggregate to $3400, making $4260 (when said $860 is added to the rents received), which was received by defendant out of the estate of said Patterson after his death.

"7. That defendant also received the income of said estate as agent for said Patterson for fifteen months before the death of said Patterson, but disbursed the same, except the $860 on hand at the death of said Patterson, in advancements to said Patterson's heirs, and for other purposes authorized by said Patterson.

"8. That after the death of said Patterson defendant paid out of said money received by him after the death of said Patterson, either from cash then on hand or from rents afterwards collected, or partly from each of said funds, the sum of $607 burial expenses, and $743 for the taxes due for the years 1891 and 1892.

"*Conclusions of Law.*—1. That the instrument signed by Patterson—a copy of which was set out in the conclusions of fact—is not ambiguous or of doubtful meaning, but its import is clear and unequivocal, and therefore its legal effect must be determined as a question of law.

"2. That although said instrument is clothed in all the forms of a deed, yet as the concluding sentence provides not merely that the estate sought to be passed by the instrument shall not take effect until after the death of the said Patterson, but that 'this conveyance' is not to take effect until after the death of the grantor, the instrument is testamentary, and, not having been admitted to probate, can not effect the issues in this case. Not being founded on a valuable consideration in law, and remaining under the dominion of the maker, it was ambulatory in character, and when an instrument is not intended to take effect until after the death of the maker, and is ambulatory in character, it can not be held to be a deed. In Furguson v. Furguson, 27 Texas, 339, the Supreme Court of Texas but announced the general rule as settled elsewhere when the court said: 'However irregular it may be in form or inartificial in expression, it is sufficient if it discloses the intention of the maker respecting the disposition of his property, and that it is intended to take effect after his death, and is in its nature ambulatory and revocable during his life. When this is the character of its contents, any contrary title or designation which the maker may have given to the instrument will be disregarded. Thus a deed-poll, and even an agreement or other instrument between parties, has been held to have a testamentary operation.' It is insisted in this case, that because the instrument in question is clothed in the form of a deed, that this raises a question of doubtful meaning; and that to ascertain whether the maker intended that the instrument should take effect before his death, the court should resort to oral testimony in order to understand the real intention of the maker of this instrument. This would be the course to be pursued if the instrument was of doubtful construction as to the essential points upon which its character as a deed or will must depend. But when the instrument is unequivocal or unambiguous as to the essential points which must give character to it as a deed or as a will, it can not be successfully maintained, that because it is clothed in the form of a deed in other respects, that simply this form in which the instrument is drawn throws doubt upon the intention of the maker which call for an investigation of facts dehors the instrument. When the maker declares in unequivocal language, that 'this conveyance is not to take effect until my death,' the intention that the instrument is not to take effect until his death is as clearly expressed as the verdict of any jury or the judgment of any court could express it. But it is insisted by counsel for defendant, under the provisions of our statute providing that 'an estate of freehold or inheritance may be made to commence in futuro by deed or conveyance in like manner as by will,' the instrument in question is

operative as a deed, notwithstanding that, unaided by this statute, it might have been operative only as a will.   I do not so understand the purpose or effect of the statute.   The statute does not treat of the essentials or characteristics of a deed, but of the estates that may pass by deed when a deed has been executed.   It does not provide that a deed may be executed to take effect as an instrument of writing after the death of the grantor, but that an estate may be made to commence in futuro by deed in like manner as by will.   It is true, that if a deed be executed and delivered so as to become a binding contract or deed of gift, and to take effect as such during the life of the grantor, that fact, that an estate or estates which it is to ultimately pass are not to commence until after the death of the grantor, would not make the instrument a will.   But if the instrument remains ambulatory and by its own terms provides against the instrument itself taking effect as a contract or deed of gift until after the death of the maker; then, no odds when the estates are by the terms of the instrument to commence, the instrument is a testamentary instrument, and is subject to the laws governing wills, and can not operate as a deed.   It is the character of the instrument which we are to determine, and not the nature of the estate which is to pass or the time when the estate conveyed or delivered is to take effect.   The language of the instrument which we are considering is not merely that the estate conveyed by this conveyance is not to take effect until after the death of the maker, but that 'this conveyance'—that is, the instrument of writing—'is not to take effect until my death.'

"3. I further conclude, that said instrument, even if to be construed as a deed in terms, never took effect as a deed, because it was never delivered to defendant so as to take effect as a deed.

"4. I conclude, that the expenditures made by defendant out of the funds of the estate can not be allowed him in this suit, because there is no pleading setting up his equities, if any he has, so as to admit of their adjustment in this suit.

"5. That defendant is not liable for money of said estate which was deposited in bank by said Patterson, or defendant, as his agent and in his name, and which has not passed into the possession of defendant, nor is defendant liable for moneys received by him as agent of W. T. Patterson before his death, and disbursed by defendant by his authority.

"7. Judgment will be rendered for plaintiffs for the lots in controversy and for the sum of $4260, the amount of money received by the defendant from the estate of said Patterson since the death of said Patterson, and for all costs of suit."

*Opinion.*—There was no error under the circumstances in overruling the appellant's demurrer to the petition.

It is unnecessary for us to decide the character of instrument under which the appellant claims, for if it was a deed the evidence fails to

show that it was delivered, and if testamentary in character, the facts fail to show that it has been properly probated and proven up as a will; consequently whatever may be the character of the instrument, our conclusion is, that it will not support the title or claim of appellant to any of the property in controversy.

The court below construed the instrument set out as testamentary in character, and the appellant, in view of this construction, made a motion in the court below for a new trial, based on the ground that he had propounded the will for probation in the County Court of Travis County, and that court had refused to probate it, and the appellant from that judgment had appealed the case to the District Court, and that in view of this fact the trial court should have granted a new trial, so that the instrument could have, together with the record of its probation, been offered as a title in favor of appellant. It appears from the order of the County Court refusing to probate the instrument as a will, that it does not appear that it was "executed with the formalities and solemnities and under the circumstances required by law to make it a valid will." The motion for new trial nowhere states that the instrument was executed as a will under such circumstances as are required by the statute, nor does it state any facts that the appellant would prove in order to make it a valid will under the statute regulating the manner of proving up the execution of wills. The declaration of the trial court, that the instrument was testamentary in character, was not intended to mean that it was a valid will within the meaning of the statute upon this subject, and that it was entitled to probation, but the finding of the court was simply that if the instrument was valid for any purpose it could only be considered as a will, of course intending that it was only valid for such purpose when it was properly proven up and probated in a court that had jurisdiction to so determine such matters. The appellant's motion for new trial on this question was addressed to the sound discretion of the trial court, and, his motion failing to state any facts showing that it was a valid will and was executed as such, in pursuance of the requirements of the statute, by Patterson, we can not hold that the court abused its discretion in overruling the motion.

The record shows an agreement by the parties that the appellees are only entitled to 385/720 interest in the estate of W. T. Patterson, deceased, and that there are other heirs entitled to a distribution in the estate that are not parties to this suit. The trial court permitted a recovery by appellees of all the land sued for and of all the money on hand by appellant belonging to the estate of Patterson, and for all of the rents received by him arising from the lands in controversy, upon the theory, that a part of the tenants in common are entitled to the entire estate against a trespasser or one without title. This is the correct doctrine as to the possession of the real estate of the tenants, but as to the damages to the estate or rents arising from it, or as to moneys due the tenants in common, it is held, that the tenants suing

can only recover the share they are entitled to. May v. Slade, 24 Texas, 208; Rowland v. Murphy, 66 Texas, 538; Weinsteine v. Harrison, 66 Texas, 547; Railway v. Ragsdale, 67 Texas, 28.

The court below found that the appellant had of moneys belonging to the estate of Patterson $860, and had collected $3400 in rents of the property of the estate, and rendered judgment against him for the sum of $4260. The undisputed evidence shows, that the appellees are only entitled to 385/720 of the estate of Patterson, and under the rule of law just stated they are only entitled to recover to this extent of the above sum found due and owing the heirs of Patterson by appellant. Therefore the judgment in this respect will be reversed and rendered in appellees' favor for 385/720 of $4260, and will in other respects be affirmed. The costs of this appeal will be taxed against the appellees.

*Reversed and rendered.*

Delivered December 5, 1894.