LINVILLE v. JONES et al.

(Court of Civil Appeals of Texas. Texarkana. April 13, 1911. On Motion for Rehearing, May 11, 1911.)

1. FRAUD (§ 59*)—FRAUDULENT REPRESENTATIONS—ACTION—MEASURE OF DAMAGES.

Plaintiffs were real estate brokers, and, in negotiating a sale of land, an agreement was made by the vendor, the purchaser, and the plaintiffs, by which the purchaser was to purchase and the vendor to sell land, and as an inducement thereto plaintiff was to purchase gin property owned by the purchaser and represented by him to be worth $5,000, and that plaintiff's commission should be credited to the purchaser by the vendor, and on the conveyance to the purchaser by the vendor the credit on the purchase price was in fact made. Plaintiffs allege that they were induced to buy the gin property by reliance upon a fraudulent representation as to its worth. Held that, as the agreement that bound plaintiffs to buy the gin property also bound the owner to sell and the purchaser to buy the land, the plaintiffs' commission was not a possible profit, but was commission earned, and the measure of damages was the difference between the reasonable value of the gin property and its value as represented.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 60–62, 64; Dec. Dig. § 59.*]

2. APPEAL AND ERROR (§ 1004*)—REVIEW—VERDICT—AMOUNT OF RECOVERY.

Where the evidence, in an action by a buyer for fraudulent representations by the seller is conflicting, a verdict based on a value, which is less than that asserted by the buyer, and with evidence to support it, cannot be held excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

3. PAYMENT (§ 5*)—SUFFICIENCY—PERSONS TO WHOM PAYMENT MAY BE MADE.

Where real estate brokers, doing business under the name of a land company, sold land through the aid of a person who was not a member of the land company or a party to a contract covering commissions, but to whom the company had agreed to pay a share of commissions so earned, a payment by the buyer on account of the agreed commission made to such person is not payment made to the land company.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 7, 8; Dec. Dig. § 5.*]

4. JOINT TENANCY (§ 8*)—RIGHTS OF JOINT TENANTS.

A joint owner of property is not thereby entitled to receive of the property, or of its proceeds, more than the share thereof owned by him.

[Ed. Note.—For other cases, see Joint Tenancy, Dec. Dig. § 8.*]

On Motion for Rehearing.

5. APPEAL AND ERROR (§ 216*)—RIGHT OF REVIEW—REQUESTS AND FAILURE TO INSTRUCT.

Where there is evidence, in an action for fraudulent representation on the sale of property, which warrants a finding that plaintiffs were entitled to all damages recoverable, an objection on appeal that the plaintiffs were only entitled to two-thirds of the damages, and that the verdict was for that reason excessive, cannot be considered, in the absence of a request for the submission of the issue whether plaintiffs were entitled to recover all damages, and of any objection to the court's failure to submit such issue.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627, 628, 630–641, 660, 662–676.]

Appeal from District Court, Wichita County; A. H. Carrigan, Judge.

Action by J. P. Jones and others against W. W. Linville. Judgment for plaintiffs, and defendant appeals. Affirmed.

Allen & Allen, for appellant. Montgomery & Britain, for appellees.

WILLSON, C. J. One McCutchen owned 1,615 acres of land in Clay county. He authorized appellees J. P. Jones and W. R. Pinkston, partners as real estate brokers, to sell same for him at $30 per acre, agreeing to pay them for their services if they effected a sale a commission of 5 per cent. on the sum thereby realized by him. Appellees had agreed with one Owens to share with him all sums received by them as commissions on sales made by them to persons he might bring to them as prospective purchasers of lands they were authorized to sell. Owens brought appellant to them as such a person. Appellant offered to buy the land at the price demanded by its owner, if the latter would take as part payment of the purchase price gin property owned by the former, at a valuation of $5,000. The owner of the land declined the offer. At this point in the negotiations, it was suggested that a sale of the land to appellant might be consummated if appellees would agree to buy the gin property, and, as a payment in part thereof, permit appellant to use the $2,422.50, which would be due to them from McCutchen as commissions in the event of such a sale, as a payment by him on the land. It was finally agreed between all the parties that appellant would purchase the land of McCutchen and pay therefor the sum of $48,450; that the $2,422.50 to be due appellees as commissions on the sale should be credited by McCutchen as a payment by appellant on the land; that appellees would purchase the gin property and pay appellant therefor the sum of $5,000, as follows: $2,422.50 by the credit to be given appellant by McCutchen on the purchase price of the land; $2,000 to the owner of a claim against the gin property; and the balance of $577.50 in cash. This agreement was entered into about April 1, 1907. In accordance with same, about June 10, 1907, McCutchen conveyed the land to appellant. The gin property was never conveyed to appellees, but some time in May or June, 1907, was conveyed by appellant to one Fagan, to whom appellees had sold it for the sum of $2,900; $2,000 of the $2,900 was paid by Fagan to the owner of the claim against the property, and the remaining $900 was paid by him to appellant, who, retaining $577.50 thereof as the cash payment appel-

lees were to make to him on account of the property, paid the remainder thereof, $322.50, to Owens. Owens afterwards tendered to appellees two-thirds of the $322.50. They refused to receive it, and brought this suit against appellant.

In their petition appellees set out the facts recited above, and alleged that they were induced to agree to purchase the gin property, and permit appellant to use as a payment to McCutchen on the land the commissions to become due to them, by reliance upon a false and fraudulent representation made to them by appellant that said gin property was worth the sum of $5,000, whereas it was worth the sum of only $2,900. The court instructed the jury to find in appellees' favor for the sum of $215, being two-thirds of the sum remaining of the $900 paid to appellant by Fagan after deducting $577.50 thereof claimed by him as due to him under his contract with appellees, and, if they believed appellant falsely represented to them that the gin property was worth $5,000, intending them to rely on the representation, and further believed that appellees did rely upon the representation, and but for it would not have agreed to buy the property, to find in their favor for the difference between the reasonable value of the gin and its value as appellant represented it to be, in addition to said sum of $215. The finding was in appellees' favor for $1,045 in addition to the $215.

Appellant insists that it was shown that at the time appellees agreed to purchase the gin property and permit him to use the sum representing their commissions on the sale of the land to him they had not earned the commissions, and that it was not shown that they ever would have earned same, had they not agreed to buy the gin property. He further insists that it therefore appeared that the loss appellees suffered because of the falsity of the representation as to the value of the gin property was merely of a profit they would have realized, had the representation been true, and for that reason was not recoverable, under the rule laid down in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, and other cases he cites.

[1] But we think the record shows that appellees had earned the commissions. It appeared from both the pleadings and the proof that McCutchen was a party to the agreement covering the use to be made of the commissions. As appellant says in his brief, it was "a three-cornered trade, and required simultaneous action and simultaneous assent of all three of the parties to consummate the trade." The contractual tie that bound appellant to sell and appellees to buy the gin property also bound appellant to buy and McCutchen to sell the land. Moreover the agreement established a right in appellees to the commissions, and bound McCutchen to credit same as a payment by appellant on the land, and the latter to credit same as a payment by appellees on the gin property. The commissions were not profits appellees expected to realize by their purchase of the gin property. They represented a sum appellees had earned by selling the land to appellant. That this was true, and at the time was recognized by all the parties as true, was conclusively shown by the fact that the commissions were actually used by appellant, in appellees' right, to pay $2,422.50 of the sum he had bound himself to pay McCutchen for the land. In the face of this fact the contention made here, it seems to us, is not a meritorious one. The assignments presenting it are overruled.

[2] Another contention is that it appeared that "Owens was the owner of one-third of the cause of action sued upon," and therefore that the verdict in favor of appellees for the sum of $1,260 was excessive. The allegations in the petition as to the representation made as to the value of the gin property were conflicting. Construing certain of them without reference to others, it appears that the representation was that the property was worth $5,000; while, construing others of them by themselves, it appears that the representation was that the property would be worth $5,000, after $250 in repairs had been expended on it. No exception to the petition on this account was interposed. The testimony on the part of appellees was that the representation made was that the property was worth $5,000 as it stood. In this state of the record, in determining the contention made, we think it should be assumed that the jury found, and that the pleading was sufficient to support their finding, that the representation was that the gin property was worth $5,000. The testimony as to the value of the gin property was conflicting. It would have supported a finding that it was worth as small a sum as $2,900, or as great a sum as $5,600. If the jury believed it was worth only $2,900, they would have been warranted in finding that the damages resulting from the deceit practiced was the sum of $2,100, two-thirds of which would be $1,400, or $140 more than the amount of the verdict. It is obvious, therefore, that even when it is viewed from the standpoint of appellant, the verdict cannot be said to be excessive, without ignoring testimony in the record. Hence the contention made is overruled, without determining whether the verdict should be viewed from the standpoint appellant suggests or not.

[3] The remaining contention is that the court erred when he instructed the jury, peremptorily, to find in appellees' favor for the sum of $215. The instruction seems to have been predicated upon the testimony showing $322.50 of the sum paid by Fagan for the gin property to have remained in appellant's hands after all the claims asserted against it had been satisfied. Appellant paid the $322.50 over to Owens, who tendered two-

thirds of it to appellees, who declined to receive it. Appellant's insistence is that appellees were bound by the payment made by him to Owens, because the latter was a partner or joint owner with them of the fund. That Owens and appellees were not partners in the real estate business is clear from the testimony in the record. Nor was Owens a party to the contract with McCutchen covering the commissions. The right to demand and receive those commissions of McCutchen was not a right appellees shared with Owens as joint owners thereof. The right was in appellees alone. The only right accruing to Owens under his contract with appellees was a right to demand and receive of them a sum equal to one-third of the commissions realized by them by the sale of the land to appellant.

[4] It seems to be the contention, however, that Owens was a party to the agreement covering the sale of the gin property to appellees, and that he thereby waived his right to look to appellees for payment of the sum he became entitled to for his services in connection with the sale of the land to appellant, and in lieu thereof became a joint owner with appellees of the gin property. If the effect of that transaction was to make him such a joint owner, he did not therefore become entitled to demand and receive of that property or its proceeds more than the share thereof owned by him. Naugher v. Patterson, 9 Tex. Civ. App. 168, 28 S. W. 582.

We think there is no error in the judgment, and therefore affirm it.

### On Motion for Rehearing.

[5] Appellant's third assignment was that the trial court erred in overruling his motion for a new trial, "because the verdict of the jury is excessive in this, that the plaintiffs only claim that the defendant represented the gin property to be worth $4,750, and the plaintiffs' own witnesses testify that said property was worth from $4,000 to $4,400, and the undisputed evidence shows that, even if the plaintiffs are entitled to recover at all, they were only entitled to recover two-thirds of the difference between what said property was represented to be worth, and what it was actually worth." In disposing of the assignment, we called attention to testimony which would have supported a finding that two-thirds of the damages recoverable amounted to a sum in excess of that named in the verdict, and did not undertake to decide whether the contention made that the undisputed testimony showed that appellees were entitled to recover only two-thirds of the damages was supported by the record or not. In the motion it is insisted it cannot be assumed that the verdict of the jury in favor of appellees represented only two-thirds of the damages suffered, in view of the fact that the court in his charge instructed the jury, if they found for appellees, to measure their damages by the entire difference between the value of the gin property as appellant represented it to be and its reasonable value. We agree such an assumption should not be indulged in the face of such a charge, and that, unless the assignment on other grounds should have been overruled, the motion should be sustained.

The testimony was not undisputed, as appellant asserts it was, that appellees owned only a two-thirds interest in the gin property. Appellees carried on their business as real estate brokers under the firm name of "The Jones Land Company." Appellee Jones testified: "Mr. Owens was never a member of the Jones Land Company. The agreement that the Jones Land Company had with Mr. Owens as to paying him for any customers that he brought to us, we were to divide equally with him—share equally. Mr. Owens never had any trade with Mr. McCutchen, nor was he any party to a contract with McCutchen. There was never any agreement that Mr. Owens was to have any interest in the gin business; it was agreed that we were to pay Mr. Owens his part of whatever commission we realized." The testimony quoted, if it stood alone—and it did not, for there was other testimony to the same effect—was sufficient to support a finding that the transaction as to the gin property was entirely between appellant and appellees, and that the only right which accrued to Owens as a result thereof was a right to demand of appellees that they account to him for a sum equal to one-third of the value of the property accepted by them as their commissions on the sale of the McCutchen land to appellant. It is not pretended, if appellees were entitled to all the damages recoverable for the deceit, that the verdict is excessive. As the testimony warranted a finding that appellees were so entitled, the assignment in question properly was overruled. No complaint was made because of the failure of the court to submit as an issue whether appellees were entitled to recover all the damages or not, and no request for the submission of such an issue was made.

The motion is overruled.