## FERNANDEZ v. CANO et al.

No. 10067.

Court of Civil Appeals of Texas. San Antonio.

June 9, 1937.

Rehearing Denied Aug. 11, 1937.

Kelley, Looney & Norvell, of Edinburg, and Henry Lauderdale, of Mercedes, for appellant.

M. F. Armstrong, of Weslaco, and Leroy H. Buss, of Donna, for appellees.

MURRAY, Justice.

This suit was originally instituted by Juan Cano, on April 19, 1933, as the owner of an undivided one-ninth interest in the estate of his deceased mother, Santos Trevino de Cano, against Amador Fernandez and Tomas Cano, independent executor of the estate of Santos Trevino de Cano, deceased, seeking to set aside the sale of approximately 150 acres of land conveyed by Tomas Cano as such independent executor to Amador Fernandez, made on the 1st day of December, 1931, for a consideration of $1,200.

On December 8, 1935, an amended original petition was filed, in which a number of the other heirs of Santos Trevino de Cano were made parties plaintiff in the suit.

On January 7, 1936, Juan Cano and the other plaintiffs below, who, with the exception of the independent executor, Tomas Cano, were the devisees, or legal representatives of devisees, under the last will and testament of Santos Trevino de Cano, deceased, filed their second amended original petition which, together with two trial amendments, constituted the pleadings upon which the plaintiffs went to trial below. ·

Santos Trevino de Cano died in Hidalgo county on the 8th day of February, 1930, leaving a will in which Tomas Cano was named as independent executor. The will was duly probated and Tomas Cano qualified as such independent executor. The will provided that the property belonging to the estate, or any part thereof, might be sold at public or private sale by the executor for the purpose of paying the debts of the estate, or provided the heirs should refuse to enter into a partition of the property.

It is alleged that although the executor had been offered as high as $30 per acre for the land belonging to the estate, he held a purported public sale of all the property belonging to the estate and sold same for a consideration of $1,200 to Amador Fernandez. It is further alleged that said sale was made in furtherance of a conspiracy between the executor, Tomas Cano, and Amador Fernandez, and for the purpose of defrauding the plaintiffs below, who are the appellees here, of their interest in the estate.

Amador Fernandez, who is the appellant here, filed a cross-action in the nature of a trespass to try title, seeking to recover the land here involved from the appellees. Appellees alleged that the land was worth $5,000, and that the reasonable rental value of the same was $500 per year. They also sought exemplary damages.

The trial was before the court without a jury, and after the court had announced that he would find for the appellees and restore the title of the property to the estate of Santos Trevino de Cano, deceased, the appellees dismissed that part of their cause of action wherein they sought to recover rents and exemplary damages, and the court entered judgment setting aside the purported sale of the land and restoring the title of the same to the estate of Santos Trevino de Cano, deceased, except as to the one-ninth interest of Tomas Cano, who had filed a disclaimer to any interest in the land.

Amador Fernandez contends that the court should have sustained his general demurrer to the pleadings of the appellees, because there was no offer to return the $1,200 bid by him for the land, together with interest from December 1, 1931, to the date of the purported sale. Appellant has not pointed out to us where appellees have alleged that this $1,200 was ever actually paid. The proof shows that this $1,200 was not in fact paid by Fernandez, but merely that an offset was allowed against a claim held by him against the estate of Santos

Trevino de Cano, deceased. There is in appellees' pleadings an offer to do equity. Under such circumstances, the court did not err in overruling appellant's general demurrer.

■ Appellant, Fernandez, contends that the appellees' cause of action was barred by the 4-year statute of limitation (Vernon's Ann.Civ.St. art. 5529), because none of them, other than Juan Cano, filed any suit attacking the executor's sale until the 9th day of December, 1936, which was more than 4 years after the sale had been made. We overrule this contention. When Juan Cano, one of the heirs and devisees under the will, instituted this suit on April 19, 1933, running of the statute of limitation was interrupted. It is clear that when one cotenant, who has an undivided interest in the entire tract of land, brings a suit to set aside the sale of such land, the running of the statute of limitation is interrupted and Juan Cano, even though not joined by the other devisees under the will, could have maintained this suit for the recovery of the entire tract of land of which he had an undivided interest, and the fact that the other cotenants did not join him in the original suit was immaterial. In 11 Tex. Jur. p. 498, etc., it is stated:

"It is never amiss for all the cotenants to join in an action concerning the common property against a stranger. Joinder is not always necessary, however. Perhaps the true rule is that one cotenant alone may maintain a suit as against a stranger for the recovery or protection of any property in which he has a right or estate extending to the entire subject matter, whether his title be legal or equitable. Thus he may recover the entire common estate in an action of trespass to try title instituted in his own name. But he cannot maintain such a suit to recover rents or damages to the common property, whether real or personal, for the chose in action in such case is not held in strict coparcenary; he can recover at most his individual loss, and only that where the defendant waives the want of other parties. Since individual loss is personal to him and may be waived without prejudice to his cotenants, they have no interest in its recovery. Thus the logical test is, interest in the subject matter as an entirety."

In Naugher v. Patterson, 9 Tex.Civ.App. 168, 28 S.W. 582, 585, the court said:

"The trial court permitted a recovery by appellees of all the land sued for, and of all the money on hand by appellant belonging to the estate of Patterson, and for all of the rents received by him arising from the lands in controversy, upon the theory that a part of the tenants in common are entitled to the entire estate against a trespasser or one without title. This is the correct doctrine as to the possession of the real estate of the tenants; but as to the damages to the estate, or rents arising from it, or as to moneys due the tenants in common, it is held that the tenants suing can only recover the share they are entitled to."

As the trial court did not render judgment for any rents due, or damages to the estate, but merely restored the title to the land to the decedent's estate, appellant's plea of limitation was properly overruled by the trial court.

The cause of action was properly brought when Juan Cano instituted the original proceedings, and limitation did not thereafter run against any of the cotenants, in so far as the recovery of the land is concerned.

■ Appellant pleaded that Rufino Cano and Jacobo Cano executed to him quitclaim deeds as to their interest in the 150 acres of land here involved. It is apparent that if these quitclaim deeds were valid appellant was entitled to recover the interest of these heirs, regardless of whether the sale by the executor was set aside or not. The evidence is insufficient to show any valid reason for setting aside these quitclaim deeds, and, furthermore, neither Rufino Cano nor Jacobo Cano offered to return the consideration which was paid to them for the execution of these quitclaim deeds. The trial court committed error in not holding these deeds to be valid and the interest of these two heirs and devisees under the will to have been conveyed to appellant by said deeds.

■ It further appears that Alberta Cano de Rodriguez, one of the devisees under the will, died before the case was tried, leaving legal heirs, and that the suit was dismissed as to her, and her legal heirs not made parties thereto. We conclude there was no error in this, as it is not necessary for all of the cotenants having an undivided interest in the entire estate to be joined in a suit to recover the land from a person having no legal title thereto.

Appellant next complains that the evidence was not sufficient to support the finding of the trial judge that the executor's sale was fraudulent and collusive, in that the evidence is just as consistent with an

honest and legal purpose, as it is with a dishonest and fraudulent purpose on the part of the executor in selling the property. The evidence shows that in September, 1931, Fernandez offered the sum of $2,800 for the land which he afterwards bought, on December 1, 1931, for the sum of $1,200. The evidence also shows that shortly after September 15, 1931, the executor was offered the sum of $30 per acre for this land, but due to the refusal of the executor to furnish an abstract of title, this sale fell through. It also appears that when the executor was contemplating selling the land to Fernandez for $20 per acre, an attorney who represented some of the heirs appeared and threatened to file suit in the event the land was sold for less than $50 per acre. The executor then determined to sell the land at public sale. At least one of the notices of this public sale provided that the sale would be made on December 8, 1931, same being the first Tuesday in the month. The first Tuesday in the month was the 1st day of December, and the sale was had on that date. It further appears that the same attorney and Juan Cano were present at the sale and challenged the right of the executor to make the sale. It further appears that Fernandez offered the sum of $1,200; that this was the only bid made; and that the land was then and there sold to Fernandez for said consideration of $1,200. This consideration was paid by Fernandez by allowing an offset against a claim held by him and approved by the executor as a proper claim against the estate of Santos Trevino de Cano, deceased. There is some evidence tending to cast a suspicion upon the claim held by Fernandez against the estate, but it is not sufficient to show that the claim is not a legal claim.

■ After the sale was made, quitclaim deeds were executed by Rufino Cano, Tomas Cano, Jovito (Jacobo) Cano, and Alberta Cano de Rodriguez, and each received the sum of $100 from Fernandez. However, Alberta Cano de Rodriguez was a married woman and did not properly acknowledge her deed, which was therefore insufficient to pass title to her interest in the land.

Fernandez testified that the reason he paid these devisees under the will, $100 each, was that they had not objected to his purchasing the land at $20 an acre, and he did not want them to suffer because of what had been done by the other heirs. It further appears that Fernandez acted as an appraiser of the property belonging to the estate of Santos Trevino de Cano, deceased, and he valued 80 acres of this land at $40 an acre in the appraisal signed by him.

■ We conclude that this evidence was insufficient to show that the sale of the land on December 1, 1931, to Fernandez, for a consideration of $1,200 was fraudulent and collusive.

■ We are aware of the rule which requires us to indulge in every reasonable presumption in favor of the findings of the trial court, and that any doubts as to the facts raised by the evidence, and any view of the law which the court could have applied under the pleadings and evidence, will be resolved in support of the judgment. On the other hand, we are also aware of the rule which requires that a person seeking to establish conspiracy and fraud must do so by full, clear, and satisfactory proof. It is insufficient to show disconnected circumstances which may be as consistent with a lawful purpose as one which is unlawful.

■ We cannot say that the evidence in this case is full, clear, and satisfactory as to the existence of either fraud or conspiracy. The fact that the sale was had on the 1st day of December, and not the 8th day, or even if it were held under such circumstances as to make it a private sale and not a public sale would be immaterial, as the independent executor had full authority, under the provisions of the will, to sell either at public or private sale. It occurs to us that if sales of real estate by independent executors could be set aside on proof, such as was offered in this case, all sales by independent executors would be jeopardized and purchasers at such sales would bid and purchase real estate largely at their own peril.

For the error pointed out, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.