## HAWKINS et al. v. CAMPBELL.

### No. 12028.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1950.

Rehearing Denied Feb. 15, 1950.

Carter & Stiernberg, Harlingen, E. A. McDaniel, McAllen, Strickland, Wilkins, Hall & Mills, Mission, for appellants.

Kent, Brown, George & Van Dresar, Harlingen, Taylor, Cox, Wagner & Adams, Brownsville, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by W. L. Campbell, guardian of the person and estate of W. H. Stafford, against J. A. Hawkins, L. M. Sutton, H. L. Hawkins and W. G. Wright for damages for fraud and deceit. The cause was submitted to the jury upon special issues and upon the jury's favorable answers to the plaintiff, judgment was ren-

dered in his favor against all defendants except W. G. Wright, in the sum of $35,-900.00. From that judgment J. A. Hawkins, L. M. Sutton and H. L. Hawkins have prosecuted this appeal.

Appellants first contend that the trial court erred in overruling their motion for an instructed verdict on the ground that the evidence would not support a judgment for the appellee. We sustain this contention. The evidence shows that prior to September 15, 1944, W. H. Stafford was the owner of sixty-five acres of land located in Cameron County, known as the French Place. Sixty acres of this land was in citrus orchard. There were various improvements on the place including a nice dwelling. Prior to the above date, W. H. Stafford listed the French Place with a real estate agent, H. L. Hawkins, who lived and maintained a real estate office at San Benito, Texas. After this property was listed with H. L. Hawkins he communicated with his brother, J. A. Hawkins, and L. M. Sutton, who were partners in the real estate business at McAllen in Hidalgo County, Texas, and informed them that he had the French Place for sale at a price of $18,000.00, and in this connection furnished them with a detailed description of the place. J. A. Hawkins and L. M. Sutton began a course of correspondence with Lee Ticehurst, seeking to interest him in various orchards in the Rio Grande Valley and especially in the French Place. Ticehurst was the owner of considerable property in Kansas City, Missouri, and expressed himself as being interested in trading some apartment houses for an orchard in the Rio Grande Valley. J. A. Hawkins communicated with Stafford and asked him if he would be interested in trading the French Place for apartment houses in Missouri, to which he replied that he was not, that what he wanted was cash, and if he wanted property he would keep what he had. Many negotiations followed and, finally, on September 15, 1944, W. H. Stafford entered into a contract to sell the French Place to J. A. Hawkins for a total consideration of $17,000.00, $3,000.00 of which was to be paid in cash and the remaining $14,000.00 to be evidenced by vendor's lien notes. This contract provided that Stafford would convey the French

Place to J. A. Hawkins or to any person designated by him, and the vendor's lien notes were to be signed by the person to whom the property was deeded. This contract was prepared by Bascom Cox, Esq., a well-known attorney of Brownsville, Texas, and the deed and notes were signed in Cox's office on the next day, September 16, 1944. W. H. Stafford executed the deed, also prepared by Cox, conveying the French Place to Lee Ticehurst, who in return signed vendor's lien notes in the aggregate principal sum of $14,000.00 and delivered them to Stafford. J. A. Hawkins had previously deposited with Stafford a check in the sum of $500.00, and on this occasion he gave Stafford his check for $2,500.00, thus paying the cash consideration of $3,000.00. J. A. Hawkins raised this money by getting $500.00 in cash from Ticehurst and by the sale of a note given by Ticehurst secured by a lien on the fruit crop on the French Place for a period of three years. This fact was not known to Stafford. Ticehurst was informed by Stafford that the French Place was vacant and that he could move in at any time he desired. Ticehurst returned the deed to Judge Cox so that he might have it properly recorded for him. A few days later Ticehurst moved into the French Place, and as far as the record shows he is still occupying it as his home. It later developed that J. A. Hawkins and L. M. Sutton had received from Lee Ticehurst a deed to four apartment houses in Kansas City, Missouri, together with some other property, valued by the jury at the sum of $35,900.00. This suit was instituted on December 21, 1946, which was more than two years after the consummation of the sale of the French Place to Lee Ticehurst. This delay in instituting the suit was explained by the contention that Stafford did not learn of the transfer of the four apartment houses to J. A. Hawkins and L. M. Sutton until some time around the 1st of March, 1945. On April 29, 1946, W. H. Stafford was adjudged to be a person of unsound mind, and W. L. Campbell was duly and legally appointed guardian of the person and estate of said W. H. Stafford.

Appellee contends that the true facts in this case are that H. L. Hawkins and L. M.

Sutton, all three, were Stafford's agents to sell the French Place for him, and that as such agents they entered into a conspiracy to defraud him, and acted together in the sale of the French Place to Lee Ticehurst, and that they made a profit for themselves of the value of the apartment houses transferred to J. A. Hawkins and L. M. Sutton by Lee Ticehurst in violation of the fiduciary relation which existed between Stafford and them. The findings of the jury support these contentions of appellee, and if the evidence supports the findings of the jury appellee was entitled to recover this profit, as was decreed by the judgment of the trial court.

We are of the opinion that the evidence in this case does not support appellee's contention nor the findings of the jury in support thereof. The evidence shows that Stafford did in fact list the French Place with H. L. Hawkins as a real estate agent at the sale price of $18,000.00, but there is nothing in the evidence to show that he ever listed this property for sale with J. A. Hawkins and L. M. Sutton, or in any other manner made them his agents to sell this property for him. H. L. Hawkins and J. A. Hawkins were brothers, but they were not partners in the real estate business. H. L. Hawkins had his place of business at San Benito, Texas, in Cameron County, and J. A. Hawkins and L. M. Sutton, as partners in the real estate business, had their offices at McAllen, in Hidalgo County. It is true that H. L. Hawkins notified his brother, J. A. Hawkins, and L. M. Sutton that he had the French Place listed with him for sale, and furnished them a full description of the property, and that, thereafter, J. A. Hawkins and L. M. Sutton became very much interested in the sale of the French Place. J. A. Hawkins made several trips to Brownsville to talk to Stafford about the sale of the property. He took Lee Ticehurst to Brownsville and had H. L. Hawkins show the French Place to him.

There is no contention that Stafford gave J. A. Hawkins and L. M. Sutton a written listing of the French Place, and appellants contended that in view of the requirements of Article 6573a, Vernon's Ann.Civ.St., known as "The Real Estate Dealers License Act," no listing of real estate is valid unless in writing, and cited, among others, the case of Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515. We do not agree with this contention. It is true that Section 22 of this Act provides that no action shall be brought for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action was brought or some memorandum thereof, shall be in writing and signed by the party to be charged. However, this does not mean that a real estate dealer cannot be the agent of the owner of the land for the sale thereof unless he has a written contract. The statute goes no further than to provide that he cannot sue for a real estate commission unless there is a written listing. However, before J. A. Hawkins and L. M. Sutton could become the agents of Stafford he would have to make them his agents in some manner recognized by law, and we do not find any evidence in this record which indicates that J. A. Hawkins and L. M. Sutton were ever made the agents of W. H. Stafford in a manner recognized by law. It occurs to us that the evidence here does not show any thing more than that J. A. Hawkins and L. M. Sutton were real estate dealers and were interested in bringing about a sale of the French Place in order to make a profit for themselves in some manner. They certainly had no hope of collecting a commission from Stafford, because they surely knew that in the absence of a written listing they could not do this. There being no fiduciary relation between J. A. Hawkins and L. M. Sutton, on the one hand, and W. H. Stafford, on the other, they did not owe Stafford any duty to inform him that they were making a large profit on the resale of the French Place.

W. H. Stafford and his attorney, Bascom Cox, Esq., were charged with knowledge, from the very provisions of the contract which Judge Cox prepared on September 15, 1944, that J. A. Hawkins was purchasing this property for resale to someone else and at a profit. Lindsey v. Dougherty, Tex.Civ.App., 60 S.W.2d 300; Boren v. Boren, 38 Tex.Civ.App. 139, 85 S.W. 48.

They did not show sufficient interest to inquire of J. A. Hawkins as to the amount of that profit, and when on the next day Stafford conveyed the property to Lee Ticehurst and received notes signed by him in the amount of $14,000.00, he was then and there bound to have realized that Lee Ticehurst was purchasing this property from J. A. Hawkins, and should have had every reason to believe that J. A. Hawkins was making a profit, and he had an opportunity then and there, before the delivery of the deed, to ask both J. A. Hawkins and Lee Ticehurst how much that profit was, if he was at all interested in that phase of the matter.

Appellee, in support of his contention that J. A. Hawkins and L. M. Sutton were the fiduciary agents of W. H. Stafford in the sale of the French Place, presents the following statement:

"Appellee respectfully contends that an agent to sell real estate may be appointed by parole appointment and then be subjected to all the duties and prohibitions pertaining to brokers and agents in general, including the fiduciary relationship. Stafford listed with H. L. Hawkins the French Place. H. L. Hawkins notified J. A. Hawkins and L. M. Sutton that he had such listing and gave them a description of the French Place, and what Stafford would take for it. Thereafter J. A. Hawkins and L. M. Sutton began, by correspondence and otherwise, trying to interest Kansas City people in trading for the French Place, and this culminated in their contacting Lee Ticehurst and entering into negotiations with him to sell him the French Place.

"After receiving from H. L. Hawkins the listing of the French Place, J. A. Hawkins inquired of Stafford would he consider a trade for some Kansas City property, and the reply of the latter was that he was not interested in an exchange of property; that if he wanted property, he would keep what he had; that he was only interested in money. All the evidence contained in this record, taken together, shows that H. L. Hawkins and J. A. Hawkins and L. M. Sutton were acting together and as agents for W. H. Stafford in the sale of the French Place.

"The jury returned a verdict that H. L. Hawkins was acting together and in concert with J. A. Hawkins and L. M. Sutton in negotiations leading up to the sale to Lee Ticehurst of the French Place; they also found that previous to September 15, 1944, H. L. Hawkins, L. M. Sutton and J. A. Hawkins were acting together as agents or brokers of W. H. Stafford in an effort to sell the French Place. The jury findings, in answer to Special Issues Nos. 2 and 3, No. 4 and No. 5 are that a fraud was committed on W. H. Stafford by the three defendants acting together; therefore the three defendants must account to the seller for the proceeds of the sale."

■ It is quite true that the jury found that H. L. Hawkins was acting together and in concert with J. A. Hawkins and L. M. Sutton in negotiations leading up to the sale to Lee Ticehurst of the French Place, and that they also found that the three were acting together as agents of Stafford in an effort to sell the French Place, and that fraud was committed on Stafford by the three acting together, but we do not find the evidence which shows that J. A. Hawkins and L. M. Sutton were the fiduciary agents of Stafford in this deal. It is at least as consistent to conclude from the evidence that J. A. Hawkins and L. M. Sutton were acting in this matter for themselves and with the hope of making a profit on the French Place, as it is to believe that they were acting as the agents of Stafford and perpetrating a fraud upon him by making a secret profit in the deal. It is our duty to presume a want of fraud rather than the existence of fraud in a transaction, and therefore, unless the evidence clearly shows in this case both fiduciary relation and fraud, it is our duty to presume there was no agency and no fraud. Hayter v. Hudgens, Tex.Civ.App., 268 S.W. 480, 481; Fletcher v. Ely, Tex.Civ.App., 53 S.W.2d 817; Cantu & Son v. Ramirez, Tex.Civ.App., 101 S.W.2d 820; Fernandez v. Cano, Tex.Civ.App., 108 S.W.2d 310.

■ The burden of proof was upon appellee to establish that J. A. Hawkins and L. M. Sutton were acting herein as the agents of Stafford and we simply do not

find, nor has appellee pointed out to us, any evidence which shows that this relation did exist. The facts which appellee points out are just as consistent with the idea that J. A. Hawkins and L. M. Sutton were acting herein for themselves and for their own profit as it is that they were acting for Stafford and his interest, and this being true we should presume a want of agency rather than an existence of agency.

The jury found, among other things, in answer to Special Issue No. 5, that (a) H. L. Hawkins, shortly before September 15, 1944, in substance replied to W. H. Stafford that $17,000.00 was the best price that could reasonably be obtained for the French Place; (b) and that Stafford in signing the contract of September 15, 1944, with J. A. Hawkins relied upon this representation and that by this representation Stafford was induced to sign the contract of September 15, 1944. However, we find no evidence in the record that J. A. Hawkins shortly before September 14, 1944, replied to Stafford that $17,000.00 was the best price that could reasonably be obtained for the French Place. The only evidence upon this matter is the statement of H. L. Hawkins to the effect that he stated to Stafford that he believed $17,000.00 was a good price for the French Place. This evidence will not support the finding which the jury made. A statement by a real estate agent to the owner of property that a certain price is the best price that could reasonably be obtained for his property is a statement of fact and one, which would support fraud if untrue. But a statement by such agent that he believes a certain price is a good price for the property is merely an expression of opinion and will not ordinarily support an action for fraud. There is no evidence in this record that the French Place was in fact worth more than $17,000.00 at the time of the sale. The fact that Lee Ticehurst was willing to pay more for the property is no evidence that its value was more than $17,000.00. Stafford listed the French Place with H. L. Hawkins for a price of $18,-000.00. Out of this he undoubtedly would have been compelled to pay a real estate commission of 5% amounting to $900.00.

He actually conveyed the French Place for a price of $17,000.00, with J. A. Hawkins agreeing to pay the real estate commission. Thus he received within $100.00 of the price for which he listed this property for sale with H. L. Hawkins. We must presume that Stafford knew the value of his own property and that he listed it at a fair price. H. L. Hawkins, as a real estate agent, was under obligation to try to find a buyer for the French Place who would pay $18,000.00 therefor, out of which sum a 5% commission would have to be paid by Stafford, but we know of no rule or law that would require him to find a buyer who would be willing to pay more than the price set by the owner. It is true that the property here was sold for perhaps a hundred dollars less than the list price, but there is no contention made that the reduction of $100.00 in the list price was brought about by a fraud upon W. H. Stafford. The contention here is that Stafford is entitled to recover the value of the four apartment houses which were deeded to J. A. Hawkins and L. M. Sutton by Ticehurst.

There is no other finding by the jury that Stafford relied upon any representations made to him by any one with reference to the value of the French Place. It is true that there was much correspondence between J. A. Hawkins and Sutton, on the one hand, and Lee Ticehurst, on the other, with reference to the purchase of the French Place. But Stafford knew nothing about this correspondence or the representations made to Lee Ticehurst until after the deal was consummated, and, therefore, such representations could not have misled him, nor could he have relied upon them.

Appellants next contend that appellee's cause of action was barred by the two years statute of limitations. Art. 5526, Vernon's Ann.Civ.Stats. It is quite clear that this suit was filed more than two years after the alleged fraud was committed, and unless the fraud was not discovered by Stafford until within two years prior to the bringing of this suit it would be barred by the two-year statute of limitation. Stafford was adjudged to be insane in April, 1946, and for that reason could not be

produced as a witness on the trial of this case. The only evidence that Stafford did not discover the alleged fraud until about March 1, 1945, is that Lee Ticehurst testified, on or about that time Stafford was in the orchard at the French Place gathering fruit, which he had a right to do under his agreement, when Ticehurst asked him how he came out on the Kansas City property. That shortly thereafter Stafford and his wife made a visit to the office of Bascom Cox, Esq., with reference to the sale of the French Place, and that shortly thereafter Bascom Cox, Esq., inquired of Lee Ticehurst as to the consideration paid by him for the French Place. It will be seen that this evidence is not at all conclusive of the fact that Stafford had not learned, prior to his conversation with Ticehurst on or about March 1, 1945, of the consideration paid by Ticehurst for the French Place. The Defendants offered two disinterested witnesses who testified to facts tending to show that W. H. Stafford knew shortly after September 16, 1944, that Ticehurst had conveyed Kansas City property to J. A. Hawkins and L. M. Sutton as a part of the purchase price for the French Place. The jury would hardly be justified in disbelieving this testimony, coming from disinterested witnesses, but even if they should disbelieve these witnesses the jury could not use such evidence for the basis of making an affirmative finding exactly contrary to the facts testified to by them. Boyd v. Chicago, R. I. & P. Ry. Co., Tex.Civ.App., 149 S.W.2d 1053; Texas & N. O. Ry. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378.

 We are further of the opinion that Stafford had in his possession at the time of the sale, on September 16, 1944, such information as would have put on an ordinary prudent man upon inquiry, and if pursued would have led to the discovery of the true consideration being paid by Lee Ticehurst for the French Place. He knew that he had signed a contract in which he he had agreed to convey this property to J. A. Hawkins and that he had further agreed to make the deed to any person designated by J. A. Hawkins, and to accept notes signed by such person. By the mak-

ing of this contract Stafford was put on notice that he was selling this property to J. A. Hawkins and that J. A. Hawkins was preparing to resell it to someone else at a profit. The provisions of this contract could have created no other impression upon the mind of an ordinary prudent person. Both the contract and the deed were prepared by Bascom Cox, Esq., who was at the time attorney for Stafford. Both Stafford and his attorney had an opportunity to inquire of Lee Ticehurst with reference to the purchase price which he was paying for the property, if they were interested in this feature of the transaction, and Stafford will not now be heard to contend that he did exercise due diligence to discover the alleged fraud prior to March 1, 1945. Powell v. Pioneer B. &. L. Assn., Tex.Civ.App., 111 S.W.2d 764; Belcher Land Mortgage Co. v. Clark Tex.Civ.App., 238 S.W. 685.

We are therefore of the opinion that even if there had been fraud and deceit on the part of the defendants in connection with the sale of the French Place, Stafford's cause of action was barred by the two-year statute of limitations.

The judgment of the trial court will be reversed and judgment here rendered that appellee take nothing and pay the costs of this Court and the court below.

Reversed and rendered.