J. R. GARNER V. J. D. RISINGER.

Decided April 4, 1904.

**1.—Deposition—Answer to Cross-Interrogatory.**

Answer to cross-interrogatory as to extent of witness' habit of using narcotics held sufficient to justify refusal of motion to quash the deposition for failure of the witness to answer.

**2.—Deed—Delivery—Innocent Purchaser.**

A deed never delivered nor placed on record by the grantor is ineffectual to protect an innocent purchaser from a grantee who had, without the maker's knowledge or consent, taken possession of it and had it recorded.

**3.—Deed—Delivery—Intention—Evidence.**

Evidence held to support the conclusion that an acknowledged deed retained in the grantor's possession was not intended to take effect without manual delivery.

**4.—Deed—Delivery—Estoppel—Negligence.**

Evidence held to support a finding against estoppel of a grantor, as against an innocent purchaser from grantee, to deny delivery of a deed by reason of his negligence in keeping it, the acknowledged instrument having been placed in a drawer in the home of the grantor of which the grantee was an inmate, and surreptitiously taken therefrom and placed on record by the grantee.

Appeal from the District Court of Red River. Tried below before Hon. Ben. H. Denton.

*W. S. Thomas* and *J. S. Patrick,* for appellant.

*Chambers, Doak & Kennedy,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a suit to cancel a deed and to remove cloud from title, resulting in a judgment for the plaintiff, and J. R. Garner, one of the defendants, has appealed. The trial judge filed the following conclusions of fact and law:

"1. I find from the admissions of plaintiff and defendants that on the 19th day of October, 1901, the title to the land described in the plaintiff's petition was in the plaintiff.

"2. I find that since the institution of this suit one of the plaintiffs, to wit, Lucy G. Risinger, has died, and that she willed all of her interest in the land described in the plaintiff's petition to the plaintiff, J. D. Risinger, and that said will has been duly and legally probated.

"3. I find from the evidence that on the 19th day of October, 1901, plaintiff J. D. Risinger and Lucy G. Risinger made a deed to the land described in the plaintiff's petition to the defendant Minnie Q. White; that the consideration specified in said deed was $600; that nothing was paid by the said Minnie Q. White for said land and that said deed was never delivered to her by the said J. D. Risinger nor Lucy G. Risinger, nor with their consent, and that said deed was taken out of their possession without their knowledge or consent by Minnie Q. White, and that the same was by her filed for record in the county clerk's office of Red River County, Texas, on the 3d day of January, 1902.

"4. I find that on the 15th day of January, 1902, the defendant

Minnie Q. White sold said land to the defendant James R. Garner for the sum of $600, which was paid by him, and that at the time he bought said land and paid for the same, he did not know that said deed from J. D. Risinger and wife to the defendant Minnie Q. White had never been delivered to her, and had no notice of the trouble between them.

"5. I find that ever since said deed from J. D. Risinger and wife to Minnie Q. White purports to have been made, the plaintiff and his tenants have been in the possession of the land, and have paid all taxes thereon, and that neither of the defendants' have ever been in possession of said land, or paid any taxes thereon. I therefore conclude, as a question of law, that said deed never having been delivered by the plaintiffs to the defendant Minnie Q. White, nor to anyone else for her, no title was passed or has ever passed from the plaintiffs and that the defendant Garner got no title by reason of his purchase from the defendant Minnie Q. White.

"I therefore find for the plaintiff against both of the defendants for the cancellation of the deed from J. D. Risinger and wife to Minnie Q. White, and for plaintiff for the land described in plaintiff's petition, and for costs of suit."

*Opinion.*—1. The first assignment is addressed to the action of the court in overruling the motion to suppress the deposition of Lucy G. Risinger, upon the ground that the witness had refused to answer a cross-interrogatory, wherein she was asked to state how long, how often and what kind of narcotics she had been taking. The witness' answer was: "I am sick and have been since October, 1901, and have not been able to wait on myself, and have suffered all the time. I take chloral when I am suffering intense pain." We think the answer was responsive to the question, and that no error was committed in overruling the motion referred to.

2. The deed never having been delivered nor placed on record by the grantors, the defendant Garner was not entitled to protection as an innocent purchaser. The deed was as ineffectual to pass title or protect a purchaser from Minnie Q. White as it would have been if the names of the grantors had been forged. Delivery is an essential part of the deed, and until it is delivered no title passes to the person named therein as vendee.

3. It is earnestly insisted that the testimony shows that the deed in question was delivered to Minnie Q. White, although there was no manual delivery, and J. D. Risinger, one of the grantors, retained it in his possession until it was surreptitiously obtained by Minnie Q. White, without the consent of either grantor. This contention is based upon the testimony of the grantors to the effect that the deed was prepared and signed because they had minor children, and desired to place the title to the property in such condition that the surviving spouse could hold and transfer the property without reference to the minor children. The contention is that the testimony referred to man-

ifests the purpose of the grantors that the instrument should become effective without manual delivery, and that in law such purpose is equivalent to a manual delivery. Conceding the correctness of the proposition of law asserted by appellant, we do not think he is entitled to a reversal on the point under consideration. J. D. Risinger testified further: "I just intended to hold that deed, so that in the event of the death of my wife, she [meaning Minnie Q. White] could make me another deed, and I could have them both put on record at the same time, and if she would do it there would be no harm done and we could destroy the deed." This testimony indicates that it was not the purpose of J. D. Risinger that the deed should immediately become operative, and supports the finding of the court that the deed was not delivered.

4. We do not think the court erred, as contended by appellant, in failing to find for him on the issue of estoppel. J. D. Risinger put the deed in a drawer in an organ, where he kept his private papers in his residence. It is true that Minnie Q. White was an inmate of his home, but she was his stepdaughter, and there is nothing in the testimony to indicate that he had any reason to suppose that she would attempt, without permission, to obtain possession of the deed. We do not think the court erred in failing to find that J. D. Risinger was guilty of negligence in keeping the deed at the place and in the manner referred to, and the plea of estoppel is based upon the theory of negligence.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused June 23, 1904.