**UNSELL v. FEDERAL LAND BANK OF HOUSTON et al.**

No. 5456.

Court of Civil Appeals of Texas. Texarkana.

March 7, 1940.

Rehearing Denied March 21, 1940.

Hutchison & Fisher, of Paris, for appellant.

Carl Runge and H. A. Berry, both of Houston, and R. H. Good, of Cooper, for appellees.

JOHNSON, Chief Justice.

S. C. Unsell, Sr., of Delta County, Texas, died March 29, 1911, seized and possessed of real and personal property of the value of $35,000, same being community property between himself and his second wife, Florence Unsell. He owed debts not in excess of $50. No administration was had upon his estate. He was survived by his said wife, Florence Unsell, and by two children, H. D. Unsell who was a child by his first marriage, and S. C. Unsell, Jr., who was a child by his second marriage. Said Florence Unsell, H. D. Unsell, and S. C. Unsell, Jr., were the sole surviving heirs of S. C. Unsell, Jr., deceased. Prior to his death S. C. Unsell, Sr., executed the following writing:

"State of Texas ⎱ Know All Men by
"County of Delta ⎰ These Presents:

"That I, S. C. Unsell of the County of Delta and State of aforesaid, for and in consideration of the sum of Ten Dollars to me in hand paid by Florence M. Unsell as follows: Cash—and a further consideration for love and affection I have for my wife—and to arrange my business as I want it prior to my death—have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Florence M. Unsell of the County of Delta and State of Texas, all that certain tracts or parcels of land in Delta and other counties in Texas and other states—in which I may own property at my death—all my lands and town lots as per deeds on record in said Counties, originals now in my possession—Also all my notes, accounts, money, Bank-Stock and all other things of value at my death that I may have—

"Except from this that my son H. D. Unsell have, if living at my death, and if not living, his legal and lawful child or children (only not his wife) to have the following, Real Estate to the value of $2060.00 it being the entire value of our property at his Mother's death as per Inventory of record in Probate Minutes of Delta Co. Texas—Book G—Pgs 211&212. Said real Estate to be selected from the land I may own at my death—Excluding from this our 2 acre homestead we now live on—by three of the following men—to be selected by one by my wife & one by my Son—& the 3rd to be selected by these two if not agreed on by said wife & son. In case either the said wife or son be dead—leaving a minor or minors then & in that event the County Judge of Delta County may act in her or his stead & if both dead he select the 3 men from the following: Chas Naylor, G. B. Simmons, S. J. Smith, Tom Gardner, C. C. Dunnegan, L. E. Stell, Arthur Darwin, Ed Hendrix, A. T. Stell and Sam Morgan—

"When said Real Estate is selected by said 3 parties the deed is to be made by F. M. Unsell to be in force and effect and absolute only when he is 25 years old— And should he mortgage or sell the same or a part of same prior to the time he is 25 years old then, I herein retain a vendor's lien on the entire amount so deeded for my half interest in said inventory for $1030 payable when said sale or mortgage is executed or made—the said F. M. Unsell her heirs or assigns—bearing 10% interest from said date & attorney fees if placed for collection. The said 3 persons will also select from my stock after F. M. Unsell has 1st & 2nd choice two horses or mules—and 2 cattle—and to be subject to a lien herein retained as on said real estate if sale is made or mortgage is executed to any one except F. M. Unsell, but granting power to sell any or all of said real estate or personal property to her and to her only—This deed held by me & subject to any change I may see fit to make prior to my death—reserving the right to do as I like with the property so long as I live then this to be in full force.

"To have and to hold, the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging, unto the said F. M. Unsell her heirs and assigns, forever. And I do hereby bind myself & my executors and administrators to Warrant and Forever Defend, all and singular, the

said premises unto the said F. M. Unsell her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof.

"But it is expressly agreed and stipulated that the Vendor's lien is retained against the above described property, premises and improvements that may be selected & all stock until the above described liens & requirements are met and all interest thereon, are fully paid and complied with according to the face and tenor hereof effect and reading, when the deed shall become absolute.

"Witness my hand at Cooper, Texas, this 21 day of July, A. D. 1910.

"S. C. Unsell for myself and as Survivor of Estate of Mattie Unsell, Decd."

The instrument was witnessed by three witnesses and was acknowledged by S. C. Unsell, Sr., before the County Clerk of Delta County, in the manner and form prescribed by law authorizing deeds and other instruments to be recorded in the office of the County Clerk. The instrument was never delivered or recorded by S. C. Unsell, Sr. He retained exclusive possession and control of the instrument during his lifetime. After his death it was found among his papers in his private safety deposit box in the First National Bank of Cooper, Texas, by his widow, Mrs. Florence Unsell, who had no previous knowledge of its execution. Mrs. Florence Unsell took possession of the instrument and on March 31, 1911, filed it for record and it was on the same day recorded in Deed Records of Delta County, the county in which the land here involved was located. The instrument was never probated nor offered for probate. Mrs. Florence Unsell immediately took possession of all the community property of herself and her deceased husband, both real and personal. April 1, 1911, she purchased for valuable consideration the undivided interest of H. D. Unsell in said estate. Of the remainder she sold and converted the personal property to her own use and benefit, and likewise disposed of all the land, except 140.44 acres, of the value of $2,500.

Florence Unsell married M. J. Thomas, the date of which marriage is not shown. After her marriage to M. J. Thomas and after conversion of that portion above mentioned of the community property of herself and deceased husband, S. C. Unsell, Sr., said Florence Unsell Thomas and husband, M. J. Thomas, on August 11, 1922, borrowed $6,800 from the Federal Land Bank of Houston, for which they executed to said bank their note payable in semiannual installments, the last of which is due June 1, 1957. To secure the payment of said indebtedness Florence Unsell Thomas, joined by her husband, M. J. Thomas, executed to said bank a deed of trust covering said 140.44 acres of land, and also covering 118.8 acres of land belonging to the separate estate of Florence Unsell Thomas. The note and deed of trust were dated and delivered August 11, 1922. The bank accepted the note and deed of trust and disbursed the $6,800 in good faith and without notice that Florence Unsell Thomas was not the absolute owner of all said land, except if and as impaired by the fact that said bank had actual notice of the existence and contents of the above-mentioned instrument executed by S. C. Unsell, Sr., and as may be affected by the fact that said instrument was never delivered, and by the fact that the bank failed to make any inquiry as to the existence or non-existence of children of said S. C. Unsell, Sr., deceased. Mrs. Florence Unsell Thomas has continuously since the date of her entry, March 31, 1911, held peaceable and adverse possession of the 140.44 acres in controversy, cultivating, using and enjoying the same, and claiming the title thereto under the above-mentioned instrument for a period of more than twenty-five years. Her claim has been in good faith, except if and as impaired, as a matter of law, by her own acts in knowingly procuring the undelivered instrument, placing it of record and claiming to have acquired title under it.

S. C. Unsell, Jr., became twenty-one years of age October 27, 1928. He has received nothing from the estate of his father, of which he inherited a ¼ undivided interest. After repeated requests for an accounting were refused by Mrs. Florence Unsell Thomas, the said S. C. Unsell, Jr., filed this suit, May 29, 1936, against said Florence Unsell Thomas and husband, M. J. Thomas, and against the Federal Land Bank of Houston, in trespass to try title against all defendants and for an accounting by Mrs. Florence Unsell Thomas for the remaining portion of the estate inherited by him from his father. The count in trespass to try title describes 259.24 acres of land, 118.8 of which

is conceded to be the separate property of Mrs. Florence U. Thomas, and has been eliminated from the controversy by plaintiff, leaving, as to the land here in controversy, only the 140.44 acres inherited by plaintiff from his father.

The Federal Land Bank of Houston answered by general demurrer, special exceptions, general denial, a plea of not guilty, and specially pleaded, among others, the statute of 25 years' limitation. Article 5519, Vernon's Ann.Civ.St.

The case was tried to the court without a jury, upon an agreed statement of facts. The trial court also filed his findings of fact and conclusions of law, in which he found in favor of the defendants on their plea of 25 years' limitation, construing the writing signed by S. C. Unsell, Sr., as being an instrument "purporting to convey" title within the meaning of Article 5519, and upon that ground rendered judgment that plaintiff take nothing by reason of the suit. The judgment also denied plaintiff any recovery on his action for an accounting against Mrs. Florence U. Thomas. Plaintiff has appealed.

It is the contention of appellant that the trial court erred in holding that the writing executed by S. C. Unsell, Sr., within the meaning of Article 5519, an instrument "purporting to. convey" the land to Mrs. Florence U. Thomas, and upon that ground sustaining appellees' plea of title under the statute of 25 years' limitation.

Appellee Federal Land Bank of Houston contends: "The only question before this Court is whether the instrument executed by S. C. Unsell, Sr., to Florence U. Thomas, is sufficient as a deed or instrument purporting to convey the land to support title by adverse possession of 25 years under Article 5519", and that the trial court correctly held that the instrument "purported to convey" the land to Mrs. Florence U. Thomas.

The record fails to show that any answer was filed by appellees Mrs. Florence U. Thomas and husband, M. J. Thomas, and no brief has been filed by them in this court.

Article 5519 as amended by Acts of 1927, 40th Legislature, p. 369, C. 250, § 1, Vernon's Ann.Civ.St. art. 5519, in that part here material, reads as follows: "No person who has a right of action for the recovery of real estate shall be permitted to maintain an action therefor against any person having peaceable and adverse possession of such real estate for a period of twenty-five years prior to the filing of such action, under claim of right, in good faith, under a deed or deeds, or any instrument or instruments, purporting to convey the same, which deed or deeds or instrument or instruments purporting to convey the same have been recorded in the deed records of the county in which the real estate or a part thereof is situated * * and by instrument purporting to convey shall be meant any instrument in form of a deed or which contains language showing an intention to convey even though such instrument, for want of proper execution or for other cause is void on its face or in fact."

■ ■ It will be noted that in addition to the general import of the writing signed by S. C. Unsell, Sr., as intending to direct the disposition to be made after his death of that portion of his estate, real and personal, not previously and otherwise disposed of by him, the instrument expressly provides: "This deed held by me & subject to any change I may see fit to make prior to my death—reserving the right to do as I like with the property so long as I live then this to be in full force." This language clearly shows the intention of the maker not to deliver but to hold exclusive possession and control of the instrument (which in fact he did) during his lifetime and that it should not take effect until his death, and then only if he had not exercised his right and authority expressly retained therein to revoke the instrument and otherwise dispose of the property during his lifetime. The writing is not a deed, and is in part only in form of a deed. It does not purport to convey the land, but, to the contrary, it purports to retain in the maker the complete right to otherwise dispose of the property as he may desire during his lifetime. It shows the intention not to convey or presently vest any estate or interest in the land, but, to the contrary, that the writing shall take effect only upon the maker's death, and then only in the event he has not changed or revoked it or has not otherwise disposed of the property during his lifetime. All of which appears upon the face of the instrument, hence it does not meet the requirements of Article 5519, as being a deed or other instrument "pur-

porting to convey" the land. The instrument is purely testamentary in character. In Carlton v. Cameron, 54 Tex. 72, 38 Am.Rep. 620, an instrument otherwise in form of a deed but reciting: "The said Abner Lee holding in reserve all the within named estates, both real and personal, during the natural life of the said Abner Lee"—was held to be testamentary in character and not a conveyance. In Wren v. Coffey, Tex.Civ.App., 26 S.W. 142, 143, an instrument otherwise in form of deed but reciting: "* * * should we not sell or dispose of the same before death", was, as to the land referred to, held to be an express retention of the power of alienation on the part of the makers during their lifetime, and in effect a declaration of intention not to divest title out of them; and was testamentary in character and not a conveyance. In Naugher v. Patterson, 9 Tex. Civ.App. 168, 28 S.W. 582, 583, an instrument otherwise in form of a deed but reciting "it being, however, understood between me, the said Patterson, and the said Naugher, that this conveyance is not to take effect until my death", was held to be testamentary in character and not a conveyance, See 14 T.J. 755, Secs. 7, 8 and 9.

■■■ Appellant makes the further contention, in substance, that should the writing executed by S. C. Unsell, Sr., be held to be a deed or instrument purporting to convey title, since it was never delivered and shows an intention not to convey or to be delivered by the maker, the acts of Mrs. Florence U. Thomas in procuring possession of the undelivered deed after the death of the maker from among his private papers and placing it of record and claiming title to the land under it, would, as a matter of law, be not a claim "in good faith" within the meaning of those words as used in Article 5519. It appears that the contention is sound. The trial court found that the instrument was never delivered. The finding is supported by the agreed facts and by the maker's intention expressed in the instrument not to deliver it. McCartney v. McCartney, 93 Tex. 359, 55 S.W. 310. The instrument executed by S. C. Unsell, Sr., was not even deposited in escrow, nor is there any evidence of any fact or circumstance that would estop him or the plaintiff from showing such non-delivery, and no such estoppel was pleaded by the defendants.

It is held to be as essential to the validity of a deed that it be delivered as it is that it be signed. 14 T.J. 818, Sec. 56. In total absence, as here, of any facts or circumstances which would tend to raise the issue of estoppel the conduct of a person named therein as grantee in procuring possession of an undelivered deed and claiming title under it is in law condemned as more than a mere fraud. It is spoken of in decisions as being comparable to forgery, and is condemned to the extent that his vendee, for value and without notice, is not protected as an innocent purchaser. Steffins v. Milmo Nat. Bank, 69 Tex. 513, 6 S.W. 823; Garner v. Risinger, 35 Tex.Civ.App. 378, 81 S.W. 343; Link v. Page, 72 Tex. 592, 10 S.W. 699; Houston Land & Trust Co. v. Hubbard, 37 Tex.Civ.App. 546, 85 S.W. 474; Hapgood v. City National Bank, Tex.Civ.App., 230 S.W. 775; King v. Diffey, Tex.Civ. App., 192 S.W. 262.

■■■ The 25 years' statute of limitation, Article 5519, expressly requires that the person claiming under the deed must have done so "in good faith." Words of like import are found in the statute, Article 5508, defining "color of title" as used in the three year statute of limitation, Article 5507, namely, the words not wanting in "intrinsic fairness and honesty." In construing those statutes our courts have held that any acts of a person amounting to fraud or lack of intrinsic fairness and honesty in procuring his claim will, as a matter of law, discolor it to the extent that he can not invoke the statute as a bar. Marsh v. Weir, 21 Tex. 97; Hussey v. Moser, 70 Tex. 42, 7 S.W. 606; Snowden v. Rush, 69 Tex. 593, 6 S.W. 767; Neal v. Pickett, Tex.Com.App., 280 S.W. 748. By like reasoning we think that the acts of one named as grantee in a deed not intended to be delivered and not delivered who takes it from among the private papers of the deceased maker, records it, and claims title under it, would discolor such claim to the extent that as a matter of law it must be held not made "in good faith" within the meaning of those words as used in the statute. And it would be no answer to say that such person was in fact unacquainted with the law that condemns such acts, for "the presumption is conclusive that every person knows the * * * law by which the conduct of all persons is to be governed in any particular character of transac-

tion." Ferris v. Langston, Tex.Civ.App., 253 S.W. 309, 311.

We think that plaintiff should recover against all the defendants the 140.44 acres of land inherited by him from his father, and that he is entitled to recover of his mother, Mrs. Florence Unsell Thomas, in an accounting by her, the value of the remaining portion of the estate inherited by him from his father, S. C. Unsell, Sr. Wherefore, the judgment of the trial court will be reversed and judgment here rendered that plaintiff recover title and possession of said 140.44 acres of land; and as to his action against Mrs. Florence Unsell Thomas for an accounting of the remainder of the estate inherited by him from his father, the cause will be remanded.

Reversed and rendered in part, remanded in part.