**Mable IRVIN et al., Appellants,**

**v.**

**Willie Lee SMITH, Appellee.**

**No. 7478.**

Court of Civil Appeals of Texas, Beaumont.

June 14, 1973.

DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

Homer L. Cox, Houston, for appellee.

DIES, Chief Justice.

Willie Smith, plaintiff below, brought this suit to cancel a deed. He filed a motion for summary judgment which the court granted. This appeal is perfected by Bethine Hues, an intervening defendant who had acquired the title of certain named defendants.

Intervenor's first point of error is:

"The trial court erred in rendering judgment upon appellee's motion for summary judgment, as the summary judgment proof was insufficient to negate the existence of genuine issues of material fact."

Since we are of the opinion that this point is good and the cause must go back for trial, it is unnecessary to discuss Intervenor's other points.

In reviewing the propriety of summary judgments, we are guided by Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.1970):

"In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action." (emphasis by the court)

See also Swilley v. Hughes, 488 S.W.2d 64 (Tex.1972).

■ Under our practice, the trial court need not state on what grounds a summary judgment is granted. Therefore, we must examine each ground in plaintiff's motion to determine if the order was proper.

■ The first ground found in plaintiff's motion follows:

"1. That Plaintiff filed in the above cause of action a certified copy of an Affidavit of Defendant MABLE IRVIN recorded in Vol. 602, Page 142 of the Deed REcords of Montgomery County, Texas, wherein said Mable Irvin stated under oath that the deed recorded in Volume 289, Pgs. 371 and 372 was made after the death of one of the Grantors, to-wit ROSA KEYS."

The pertinent part of the affidavit follows:

"To whom it may concern my name is Mable Ervin and I live in New caney Texas Montgomery Texas the property of Grant Keys and wife Rosa Keys was some papers drawn up by Roberta Richards and *and* was *S*igned and recorded a year after *m*rs Rosie Keys was dead I do say and swear that these papers was made up after and changed and recorded and back dated as to *m*rs Rosa Keys was dea*r* when they said she signed the dee *dsn*."

Even it this affidavit be taken to prove that Rosa Keys was dead at the time of the execution of the deed in question, still her husband, Grant Keys, under certain circumstances—such as being the sole heir or devisee—could convey the property.

■ The second ground in plaintiff's motion for summary judgment follows:

"2. That Plaintiff sent his Request for Admissions of Fact to the Attorney of Record for Defendant Mable Irvin*g* on September 28, 1972, which were received by Mr. Al Stewart on September 29, 1972, in which said Defendant, MABLE IRVIN, was requested to answer said Admissions of Fact within eleven (11) days from the receipt thereof by her attorney of record. To this date said Admissions of Fact have not been received by the Attorney of Record for the Plaintiff, and, therefore, such Admissions of Fact are admitted as true by and as a matter of law."

These admissions, not served on Intervenor, are not admissible against Intervenor. Davis v. Coastal States Petrochemical Company, 405 S.W.2d 854 (Tex.Civ.App., Houston, 1966, no writ) and other decisions cited therein at page 855; Trice Contract Carpets & Furniture, Inc. v. Martin, 334 S.W.2d 554, (Tex.Civ.App., Amarillo, 1960, no writ).

■ The third ground of plaintiff's motion for summary judgment is as follows:

"3. That the Affidavits *A*ttached hereto attest further to the fact that the deed referred to in Plaintiff's Original Petition was prepared after the death of one of the Grantors, to-wit: ROSA KEYS, and, therefore, said deed is a forgery."

In discussing the Mable Irvin affidavit, we have already disposed of the contention that a statement that Rosa Keys died before the deed in question proved its invalidity.

Really the only instrument actually attached to plaintiff's motion for a summary judgment—which we believe is intended by our Rules is an affidavit of one Alberta Fransaw. Concerning the contention of forgery the Fransaw affidavit had these statements:

"Grant Keys and Rosa Keys never told me anything about their having made a deed out to transfer their property to anyone. Roberta Richards told me about a year or a year and a half after the death of Rosa Keys that she, Roberta Richards, had changed the deed of Grant Keys and Rosa Keys.

"I know of my own knowledge, and I can testify under oath in court, that I have never seen Rosa Keys sign her name to any instrument of any sort. Rosa Keys and Grant Keys both could not read or sign their name in the year of 1948.

"I have examined the original of the alleged deed that was supposed to be signed by Rosa Keys giving her property to Mable Irvin, Jesse Irvin and their children and I know that the signature to said deed is not the signature of Rosa Keys."

These statements certainly do not conclusively establish that Rosa Keys' signature is a forgery. For even if Alberta Fransaw was qualified as an expert—which she was not in the affidavit—the

question of forgery would be for a jury or a trier of facts, and neither would be required to follow the opinion of experts. 32 C.J.S. Evidence § 621 (1964); Nass v. Nass, 149 Tex. 41, 228 S.W.2d 130, 133 (1950). Indeed, our Supreme Court has held that in a summary judgment proceeding, opinion testimony does not establish any material fact as a matter of law. Broussard v. Moon, 431 S.W.2d 534, 537 (Tex.1968).

No other grounds are stated by plaintiff in his motion for summary judgment. However, by a supplemental petition, he contends that the deed in question violates the "Law Against Perpetuities" and "is an attempt to make a testamentary disposition of real property by a deed without the formalities and/or solemnities required for testamentary dispositions."

■ To have testamentary intention, testator must have intended by the particular instrument to make a revocable disposition of property to take effect on his death. 41A Words and Phrases, "Testamentary Intent". The usual incident of a testamentary document is that it vests no present interest but is intended to become operative only after death of the maker. In re Simun's Estate, 152 Pa.Super. 603, 33 A.2d 64, 66 (1943).

"It is settled by the decision of this court, in Crain v. Crain, 17 Tex. 80, S.C. 21 id 790, that . . . voluntary dispositions of property by deed, which did not operate, and were not intended to operate, a present transfer of the property out of the donor, or to vest a present interest in the donee, but were made to take effect only after the death of the donor, were testamentary in their character." Millican v. Millican, 24 Tex. 426, 441–442 (1859).

See also cases cited in 61 Tex.Jur.2d Wills § 6 (1964).

"This brings us to a consideration and construction of the instrument of date December 5, 1923. A careful reading of this instrument shows that it is a deed absolute in form and took effect as soon as it was executed and delivered. It uses the words grant, sell, and convey, which terms, under the common law, and the Texas statutes, mean a complete alienation. They are words of present conveyance, not of devise." Hammett v. Farrar, 29 S.W.2d 949, 957 (Tex.Comm. App.1930).

" 'If the instrument passes a present interest, although the right of its possession and enjoyment may not occur until some future time, it is a deed or contract; *but if the instrument does not pass and interest or right until the death of the maker, it is a will or testamentary paper.* The question is to be determined by the intention of the parties derived from the whole instrument.' " Brown v. Payne, 142 Tex. 102, 176 S.W.2d 306, 309 (1944). (emphasis by the court)

■ The instrument in question here uses the traditional words used in Texas deeds: " . . . do hereby grant sell and convey unto the above named persons the herein_after described property and premises all of our right title and interest thereto in any_wise belonging . . . ." It is true the instrument stipulates that "[i]t is agreed by the grantors and grantees herein that the controll and management of the property herein conveyed shall remain in the hands of the grantors or either of them so long as either shall live," but the conveyance is immediate and does not vest only on the death of the grantors.

The instrument continues:

" . . . after the death of both*e* here*n* the title to, management of, and occupency of, shall be vested in and to the following:

"Roberta Richards above named shall have the right and privilege during her life_time to use occupy, lease or rent, and receive prof*f*its therefrom a one_ third undiv*e*ded interest in and to the property herein conveyed, Mable and

Jessie Irvin above mentioned shall have the right and privilege during their life—time to occupy, lease or rent, a one—third undivided interest in and to the herein conveyed property and premises. Willie Lee Smith above mentioned shall have the right to lease, rent, or occupy during his life—time and receive rentals therefrom a one—third undivided interest in and to the following premises."

A metes and bounds description of the five acres follows. Following this, the instrument contains the traditional habendum clause:

"To have and to hold the above described premises*s* together with all and singular, the rights and appertenances, thereto in any—wise belonging unto the said, Roberta Richards, Mab*e*l and Jessie Irvin and Willie Lee Smith, during their life—time and no further.

"It is the wish and purpose of the grantors herein making this conveyance that as the death of the grantees herein shall occur at that —ime the title and equity of such deceased to the property herein conveyed shall become vested in the Childre*d* and heirs of Mable and Jessie Irvin, children of the said persons now living are, Beatrice, Dorthy Mae, Clara Lee, Josephine, Earline, Rosa Lee, *all* Irvin. (emphasis in original)

"If there should be any hereafter born they shall share and share alike with the above mentioned*d*.

"It is the wish of grantors herein that after their death those of the grantees*s* surviv*e*ing can agree upon a satisfactory divisi*o*n, and other handl*e*ing of the property herein conveyed, should they not be able to agree among themselves, then they must choose arbitrators whose decision must be final."

The instrument is then acknowledged before a notary public (with Rosa Keys being examined privily and "apart from her husband") and it was recorded in the Deed Records of Montgomery County.

It is clear to us that the parties to this instrument intended it should be a present conveyance and not a testamentary document. We hold it is not testamentary in character as contended by plaintiff.

 There remains for disposal plaintiff's contention that the deed violates the rule against perpetuities. This rule is stated as a limitation that takes the subject out of commerce for a period of time greater than a life or lives in being and twenty-one years thereafter plus the ordinary period of gestation. No interest is good unless it vests not later than twenty-one years after some life in being at that time of creation of the interest plus a period of gestation. See 45 Tex.Jur.2d Perpetuities and Restraints, Etc. § 2 (1963) and the authorities cited thereunder. Clearly this deed does not violate this rule.

Intervenor's (appellant's) first point of error is sustained and this cause is remanded to the district court for trial.

Reversed and remanded.