**AFFIRM; and Opinion Filed June 20, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00610-CV

### DONALD L. WISE, JR., Appellant
### V.
### VONDA LEA MITCHELL, INDEPENDENT EXECUTOR OF THE
### ESTATE OF MARIE CAROLINE WISE, Appellee

On Appeal from the Probate Court No. 2
Dallas County, Texas
Trial Court Cause No. PR-14-03556-2

## MEMORANDUM OPINION
Before Justices Francis, Fillmore, and Schenck
Opinion by Justice Fillmore

On January 9, 2012, Donald L. Wise, Jr. filed in the public records of Dallas County a December 25, 2011 Special Warranty Deed with Retained Life Estate (the Deed), in which Marie Caroline Wise (the decedent) conveyed title to property located at 1228 Perry Street in Irving, Texas (the property), to Wise, subject to certain restrictions in the conveyance. Vonda Lea Mitchell, pursuant to a June 9, 1998 General Durable Power of Attorney (the Power of Attorney) that appointed her as the decedent's agent and attorney in fact, filed a Revocation of Gift to Remainder Beneficiary (the Revocation) in the public records of Dallas County on July 5, 2013, which, among other things, purported to revoke the Deed. Following the decedent's death, Mitchell, as independent executor of the decedent's estate (the Estate), moved for partial

summary judgment to cancel the Deed, quiet title to the property in the Estate, and remove any cloud from the property caused by the Deed. The trial court granted Mitchell's motion.

In five points of error, Wise contends the trial court erred by granting summary judgment because, pursuant to the probate code and the 2006 Uniform Power of Attorney Act (the UPOAA), the Power of Attorney did not delegate to Mitchell the authority to set aside a deed to real property; there were issues of fact about when the Power of Attorney was executed; the Power of Attorney was not filed in the public records of Dallas County; and the Deed conveyed a present interest in the property to him and could not be revoked. In three additional points of error, Wise contends the trial court erred by striking the majority of Wise's affidavit filed in support of his response to Mitchell's motion for partial summary judgment; considering evidence at the hearing on Mitchell's motion for partial summary judgment that was not in the record and had not been produced to Wise twenty-one days before the hearing; and engaging in an *ex parte* conversation with Mitchell's attorney regarding issues in the case. We affirm the trial court's judgment.

## Background

In 2001, Wise began living with his grandmother, the decedent, who owned the property. On January 9, 2012, Wise filed the Deed in the public records of Dallas County pursuant to which the decedent conveyed to him,[1] subject to certain reservations and exceptions, title to the property. The Deed identified the decedent as the "Grantor" and Wise as the "Beneficiary," and set out the following "Reservations from Conveyance":

> Grantor reserves for Grantor and Grantor's assigns a legal life estate in the property for Grantor's life, without liability for waste. Grantor further reserves the full power and authority, without the joinder of any other person, to sell, convey, mortgage, lease, and otherwise dispose of the property in fee simple with or without consideration and without joinder by Beneficiary, to any person or

---

[1] Mitchell contends the Deed was forged; however, that issue is not before us in this appeal.

persons whatsoever, and to keep absolutely any and all proceeds derived therefrom. Further, Grantor reserves the right to appoint different or additional remainder owners (Beneficiaries), at any time and from time to time without consent of Beneficiary. Upon the death of Grantor, subject to any interests that may be created by Grantor under the powers reserved herein, full record title shall vest in Beneficiary.

In 2012, the decedent moved into a nursing home. Mitchell, who was appointed as the decedent's agent and attorney in fact under the Power of Attorney, entered into a contract to sell the property. After learning of the Deed, Mitchell, based on her authority under the Power of Attorney, executed the Revocation on July 3, 2013. In the Revocation, Mitchell (1) declared the Deed to be void *ab initio*; (2) revoked the Deed in its entirety as well as the remainder interest conveyed to Wise; and (3) alternatively, if the revocation was not effective, appointed herself, Genevia Guthrie, Linda Schmidt, and Kea MacPherson, the decedent's remaining children, to be the "remainder owners" under the Deed instead of Wise. On July 5, 2013, Mitchell filed the Revocation, with a copy of the Power of Attorney attached as an exhibit, in the public records of Dallas County.

On July 23, 2013, Mitchell initiated a guardianship proceeding by filing a combined application to be appointed the decedent's guardian and to sell the property. Mitchell's stated purpose in selling the property was to obtain funds to pay costs of the decedent's care. On December 16, 2013, the trial court found the decedent was an incapacitated person and appointed Mitchell to be the decedent's guardian. After qualifying to be the decedent's guardian by taking the required oath and posting bond, Mitchell filed an inventory, which included the property, an appraisment, and a list of claims.

The trial court indicated it would not approve the sale of the property until Wise had been personally served. Wise was served with citation and appeared in the guardianship proceeding on March 7, 2014. Mitchell then sought summary judgment in the guardianship proceeding as to the ownership of the property on grounds the Deed was testamentary and did not grant Wise a

–3–

present interest in the property; the decedent revoked the Deed; the decedent removed Wise as a remainder owner/beneficiary under the Deed; and the Deed expressly reserved to the decedent the right to sell the property and, subject to the trial court's permission, Mitchell, as guardian, could exercise that right on behalf of the decedent. In both the application and the motion for summary judgment in the guardianship proceeding, Mitchell represented the Deed had been revoked on July 3, 2013, when she, acting as the decedent's agent and attorney in fact pursuant to the Power of Attorney, signed the Revocation.

The decedent died on April 7, 2014, before the trial court ruled on Mitchell's motion for summary judgment in the guardianship proceeding. On April 28, 2014, Mitchell was appointed independent executor of the Estate and, on behalf of the Estate, filed this adversarial proceeding against Wise on May 2, 2014. In her first amended petition, Mitchell requested a declaratory judgment quieting title to the property in the Estate, removing any cloud on the title caused by the Deed, and cancelling the Deed; asserted claims against Wise based on forgery, trespass, and forcible detainer; and requested attorneys' fees. In connection with the forcible detainer claim, Mitchell requested a writ of possession to the property.

Mitchell filed a motion for partial summary judgment as to ownership of the property on grounds the Deed was testamentary in character and did not grant Wise a present interest in the property; the decedent revoked the Deed before her death; the decedent's guardian ratified and confirmed the revocation; and alternatively, the decedent removed Wise as a beneficiary under the Deed. Mitchell's summary judgment evidence included her affidavit, the Deed, the Power of Attorney, the Revocation, and the application and motion for summary judgment filed by Mitchell in the guardianship proceeding. Wise responded to the motion for partial summary judgment, relying on his own affidavit. The trial court heard the motion for partial summary

–4–

judgment on August 29, 2014, and on September 9, 2014, granted the motion without specifying the bases of its ruling.

On September 18, 2014, Mitchell filed a motion to sever the "real-property claims," which she defined as her claims for a declaratory judgment cancelling the Deed and quieting title to the property in the Estate and a writ of forcible detainer evicting Wise from the property, from the "remaining causes of action," which she defined as her claims for forgery, trespass, and attorney's fees and Wise's counterclaims for libel and attorneys' fees.[2] On October 3, 2014, Wise filed a notice of appeal and, on October 6, 2014, the trial court signed an order, severing Mitchell's requests for a declaratory judgment and a writ of possession into a separate cause of action.

Mitchell submitted a proposed final judgment in the severed cause of action. On November 6, 2012, during the hearing on Mitchell's proposed judgment, the trial court stated it was unclear about whether it had granted summary judgment on Mitchell's forcible detainer cause of action. That same day, the trial court *sua sponte* determined Mitchell had not pleaded a forcible detainer cause of action and signed an amended order (1) setting aside the September 9, 2014 order granting summary judgment, (2) finding there was no genuine issue of material fact that the Deed was testamentary and did not convey a present interest in the property to Wise or that the Deed was validly revoked by Mitchell acting as the decedent's attorney in fact,[3] and (3) granting Mitchell summary judgment on her request for a declaration that the Estate "own[ed] the property free and clear of the cloud on the title, if any, caused by the Deed." The trial court denied the motion for partial summary judgment to the extent it requested a declaratory judgment cancelling the Deed on the ground the motion did not state the basis for cancelling the deed and

[2] Wise's counterclaims are not included in the record on appeal.

[3] Based on these findings, the trial court determined the issues of whether Mitchell, as the decedent's guardian, ratified and confirmed the revocation of the Deed or, alternatively, removed Wise as a beneficiary under the Deed were immaterial.

on Mitchell's request to evict Wise from the property because her petition did not include a suit for forcible detainer. The trial court also signed an amended order for severance, severing Mitchell's request for a declaratory judgment quieting title to the property from the remaining claims in the case and determining Mitchell had not pleaded a claim for forcible detainer that could be severed.

At the trial court's request, Mitchell's counsel prepared a final judgment reflecting the trial court's November 6, 2014 rulings and took it, along with the first amended petition that contained the forcible detainer cause of action, to the trial court's administrator. The trial court requested that Mitchell's counsel come into chambers and contacted Wise's counsel on the telephone. After a short discussion, Wise's counsel requested a formal hearing. On November 7, 2014, Mitchell filed a motion to reconsider the trial court's November 6, 2014 orders, directing the trial court to those sections of her first amended petition in which she asserted a forcible detainer cause of action and requesting that Wise be evicted from the property.

On November 17, 2014, the trial court granted Mitchell's motion to reconsider, set aside the November 6, 2014 amended orders granting partial summary judgment and severance, and reinstated the September 9, 2014 order granting partial summary judgment and the October 6, 2014 order severing both the declaratory judgment and forcible detainer claims. On November 21, 2014, the trial court signed a final judgment in the severed cause of action, cancelling the Deed and removing any cloud on the property caused by the Deed, quieting title to the property in the Estate, awarding possession of the property to the Estate, and ordering Wise to vacate the property within six days.

Wise filed a motion to set aside the order of reconsideration on November 25, 2014, and a motion for new trial on December 19, 2014. On December 31, 2014, the trial court set aside the final judgment. It also granted Mitchell's motion for partial summary judgment, and ordered

the Deed was cancelled, the cloud on the property caused by the Deed was removed, and fee simple title to the property was quieted in the Estate. Mitchell nonsuited her forcible detainer cause of action on January 15, 2015. Wise filed a motion for new trial on February 2, 2015, and a notice of appeal on April 2, 2015. The trial court denied Wise's motion for new trial on April 13, 2015.

## Jurisdiction

After reviewing the clerk's record filed by Wise,[4] we instructed the parties to file briefs addressing how this Court has jurisdiction over this appeal. Based on the parties' jurisdictional briefs and a supplemental clerk's record, this Court informed the parties that it appeared (1) the trial court's September 9, 2014 order granting Mitchell's motion for partial summary judgment became final when the trial court signed the severance order on October 6, 2014, and the trial court lost plenary power over that order on November 5, 2014, thirty days after it became final, and (2) we had jurisdiction over this appeal based on Wise's October 3, 2014 notice of appeal from the September 9, 2014 order granting Mitchell's motion for partial summary judgment.

Generally, the severance of an interlocutory judgment into a separate cause of action makes it final. *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam.). However, if the severance order contemplates additional proceedings will occur in the severed matter, the interlocutory judgment does not become final until those events have occurred. *Id.*; *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313–14 (Tex. 1994) (severance order permitting additional defendants to be added to severed action was interlocutory). In this case, the October 6, 2014 order of severance provided that "separate judgments" would be entered in "each of the severed causes, each judgment to be final and to dispose completely of all of the issues between the parties in each

---

[4] There have since been four supplemental clerk's records filed by the parties.

respective suit." Further, the order granting partial summary judgment contained none of the declarations sought by Mitchell in her motion. Because the order of severance contemplated a final judgment would be entered in the severed cause of action and the order granting partial summary judgment did not set out all the relief requested by Mitchell, the October 6, 2014 severance did not cause the September 9, 2014 order granting partial summary judgment to become final. *See Diversified Fin. Sys., Inc.*, 63 S.W.3d at 795. Rather, the partial summary judgment signed by the trial court on December 31, 2014, became final when Mitchell nonsuited her claim for forcible detainer on January 15, 2015. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (order determining final claim causes judgment to become final). Wise filed a motion for new trial on February 2, 2015, extending his time to file a notice of appeal until April 15, 2015. *See* TEX. R. APP. P. 26.1(a)(1). Wise filed a timely notice of appeal on April 2, 2015.

We, therefore, conclude the December 31, 2014 partial summary judgment is the final judgment in the severed cause of action, and we have jurisdiction over that judgment based on Wise's April 2, 2015 notice of appeal.

### Trial Court's Consideration of Information at Hearing

In his fourth point of error, Wise asserts this case must be reversed because the trial court considered "evidence" in a notebook provided by Mitchell's counsel to the trial court, but not to Wise's counsel, at the hearing on Mitchell's motion for partial summary judgment. During his argument on Mitchell's motion for partial summary judgment, Mitchell's counsel referred to tabs in a notebook he had provided to the trial court.[5] After Mitchell's counsel had referred to the notebook a number of times, Wise's counsel objected to the use of the notebook because he had

---

[5] This notebook is not in the record. Although not all the information contained in the notebook is described in the record, what is identified consisted of pleadings, case law, and statutes.

not seen it. The trial court instructed the parties to meet in the hallway so that Wise could examine the notebook while the trial court conducted hearings in other cases. The trial court instructed Wise's counsel that it wanted to be informed before counsel left the courthouse whether there were any objections to the trial court using the notebook in reaching its decision. Wise's counsel reviewed the notebook, but did not make any objections to its contents.

To preserve a complaint for appellant review, a party generally must present it to the trial court by timely request, objection, or motion stating the specific grounds, and obtain a ruling. TEX. R. APP. P. 33.1(a); *Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 785 (Tex. App.—Dallas 2013, pet. denied). Although instructed by the trial court to raise any objections he had to the contents of the notebook before he left the courthouse on the day of the summary judgment hearing, Wise's counsel failed to do so. Accordingly, this issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Nguyen*, 404 S.W.3d at 785. We resolve Wise's fourth point of error against him.

### Striking Portions of Affidavit

Mitchell objected to eight statements in Wise's affidavit, addressing each statement separately and raising multiple objections to each statement. These objections included that the statements were hearsay, violated rule of evidence 601(b),[6] were conclusory, were speculative or constituted an unsupported factual conclusion, were not based on Wise's personal knowledge, or expressed a legal opinion that Wise was not qualified to give.[7] The trial court considered the objections to each statement in the affidavit at the hearing on Mitchell's motion for partial summary judgment, sustained Mitchell's objections to seven of the statements without stating the bases for its rulings, and struck the statements from Wise's affidavit.

---

[6] Rule of evidence 601, known as the "Dead Man's Rule," applies in certain circumstances to prohibit testimony about an oral statement made by a testator, intestate, or ward. *See* TEX. R. EVID. 601.

[7] Mitchell did not raise all of these objections as to each complained-of statement.

In his fifth point of error, Wise contends the trial court erred by striking portions of his affidavit because "the affidavit was based on personal knowledge of [Wise], was not hearsay or innuendo, and was supported by the facts," and although the affidavit may have contained conclusions or subjective beliefs, the trial court should have considered "the evidence properly raised to defeat summary judgment." Wise did not address in his brief the applicability of rule of evidence 601, which was raised by Mitchell as to five of the statements that were struck by the trial court, or whether the statements constituted an improper legal opinion, an objection Mitchell made to the remaining two statements struck by the trial court. "[W]hen an appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because he has not challenged all possible grounds for the trial court's ruling." *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.); *see also Vodicka v. N. Am. Title Co.*, No. 05-13-00126-CV, 2014 WL 348530, at *3 (Tex. App.—Dallas Jan. 30, 2014, no pet.) (mem. op.). By failing to challenge all possible bases on which the trial court could have sustained Mitchell's objections to the seven statements struck from his affidavit, Wise has failed to preserve this issue for our review. We resolve Wise's fifth point of error against him.

## Summary Judgment

In his first, second, and sixth through eighth points of error, Wise argues the trial court erred by granting Mitchell's motion for partial summary judgment because, pursuant to the probate code and the UPOAA,[8] the Power of Attorney did not give Mitchell the authority to revoke the Deed; the Deed granted Wise a present interest in the property and could not be

---

[8] UNIF. POWER OF ATTORNEY ACT, (Nat'l Conference of Comm'rs on Uniform State Laws 2006), www.uniformlaws.org/shared/docs/power%20of%20attorney/UPOAA_2011_Final%20Act_2014sep9.pdf.

revoked; the Power of Attorney was not filed in the public records; and the date of the execution of the Power of Attorney was "unclear."

### Standard of Review

We review the grant of a summary judgment de novo. *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013), *cert. denied*, 135 S. Ct. 435 (2014). A party moving for traditional summary judgment has the burden of establishing that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In reviewing the grant of a traditional summary judgment, we consider all the evidence in the light most favorable to the non-movant. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We credit evidence favorable to the nonmovant if a reasonable fact-finder could, and we disregard evidence contrary to the nonmovant unless a reasonable fact-finder could not. *Id*.

### Date of Execution

In his sixth point of error, Wise's entire argument is:

> The power of attorney used by [Mitchell] to set aside the deed was dated 1996, but that date was scratched out on the jurat and 1998 was written over the original date, creating a significant question when the power of attorney was executed.

An appellant's brief must concisely state all issues or points presented for review and, among other things, must contain a clear concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). We may not speculate as to the substance of the specific issues asserted by an appellant and may not make a party's argument for him. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). An appellant's failure to cite legal authority or provide substantive analysis of a legal issue results in

waiver of the complaint. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). We conclude Wise has presented nothing for our review regarding the date of execution of the Power of Attorney and resolve his sixth point of error against him.

*Filing of Power of Attorney*

In his seventh point of error, Wise asserts the trial court erred by granting summary judgment because section 751.151 of the estates code required the Power of Attorney to be filed in the public records of Dallas County prior to the Revocation. The estates code, which became effective January 1, 2014, was intended by the Legislature, in part, to be a non-substantive revision of provisions of the probate code relating to durable powers of attorney. Act of May 19, 2011, 82d Leg., R.S., ch. 823, § 1.01, 2011 Tex. Gen. Laws 1901, 1901. Section 751.151 of the estates code is the recodification of section 489 of the probate code. *Id.* at 1906. Section 489 of the probate code, the applicable law at the time Mitchell filed the Revocation, provided:

> A durable power of attorney for a real property transaction requiring the execution and delivery of an instrument that is to be recorded, including a release, assignment, satisfaction, mortgage, security agreement, deed of trust, encumbrance, deed of conveyance, oil, gas, or other mineral lease, memorandum of a lease, lien, or other claim or right to real property, shall be recorded in the office of the county clerk of the county in which the property is located.

Act of Mar. 25, 1993, 73d Leg. R.S., ch. 49, § 1, 1993 Tex. Gen. Laws 102, 103; *see also* Act of May 19, 2011, 82d Leg., R.S., ch. 823, § 1.01, 2011 Tex. Gen. Laws 1901, 1906.[9]

An unrecorded durable power of attorney does not give an agent the authority to engage, on behalf of the principal, in a real property transaction requiring the execution and delivery of

---

[9] Effective September 1, 2015, the Legislature amended section 751.151 of the estates code to provide a durable power of attorney was required to be recorded "not later than the 30th day after the date the instrument is filed for recording." Act of May 26, 2015, 84th Leg., R.S., ch. 808, § 1, 2015 Tex. Gen. Laws 2449, 2449 (codified at TEX. EST. CODE ANN. § 751.151 (West Supp. 2015)).

an instrument to be recorded in the public records of the county where the real property is located. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 568–69 (Tex. App.—Amarillo 2013, pet. denied). However, the statutory language at the time the decedent executed the Power of Attorney and at the time Mitchell executed the Revocation, did not require that the durable power of attorney be filed before the real property transaction or that the durable power of attorney and the instrument relating to the real property transaction be filed in any particular order. *See* Act of Mar. 25, 1993, 73d Leg. R.S., ch. 49, § 1, 1993 Tex. Gen. Laws 102, 103; *see also* Act of May 19, 2011, 82d Leg., R.S., ch. 823, § 1.01, 2011 Tex. Gen. Laws 1901, 1906. Mitchell filed the Power of Attorney in the public records of Dallas County at the same time she filed the Revocation and, therefore, complied with the statute. We resolve Wise's seventh point of error against him.

*Power to Revoke Deed*

In his first and second points of error, Wise contends the trial court erred by granting Mitchell's motion for partial summary judgment because the Power of Attorney did not give Mitchell the authority to revoke the Deed[10] and, in his eighth point of error, asserts the Deed conveyed a present interest in the property to him, was not testamentary, and could not be revoked. The Power of Attorney states:

> That I, Marie Caroline Wise of 1228 Perry Road, Irving, Texas do hereby appoint Vonda Lea Mitchell, my agent and attorney in fact for me and in my name to perform any and all acts in my stead and to do and perform all such other matters as may be necessary and expedient for the purpose of carrying out the objects above mentioned; and hereby ratify and confirm all that my said agent may do in said premises. The power of attorney shall not be affected by subsequent disability or incapacity of the principal. It is the express intent of Marie Caroline Wise that this Power of Attorney shall continue notwithstanding the death or incapacity of Marie Caroline Wise.

---

[10] Wise also argues the Power of Attorney did not give Mitchell the power to change the beneficiaries designated in the Deed. However, while the trial court declared the Deed was properly revoked and quieted title to the property in the Estate, it did not make any ruling pertaining to Mitchell's ability to change the beneficiaries designated in the Deed.

Wise argues, in his second point of error, that pursuant to the UPOAA, an agent under a power of attorney may create or change rights of survivorship or a beneficiary designation only if the power of attorney expressly grants that authority, and the Power of Attorney contained no such express delegation.[11]  The probate code, the applicable law at the time the decedent executed the Power of Attorney, was patterned after the Uniform Probate Code (the UPC). *Stegall v. Oadra*, 868 S.W.2d 290, 293 (Tex. 1993).  In 1979, the National Conference of Commissioners on Uniform State Laws (the National Conference) approved the Uniform Durable Power of Attorney Act (UDPOA),[12] which was substantively identical to sections 5-501 through 5-505 of the UPC.[13]  In 1993, Texas adopted the UDPOA.  *See* TEX. EST. CODE ANN., SUBTITLE P, Durable Powers of Attorney, *Table of Jurisdictions Wherein Act Has Been Adopted* (West 2014).  In 2006, the National Conference approved the UPOAA.  However, Texas has adopted neither the UPOAA nor the provision relied upon by Wise.  Accordingly, section 201(a) of the UPPOA does not control whether the Power of Attorney gave Mitchell the authority to revoke the Deed.  We resolve Wise's second point of error against him.

---

[11] Section 201(a) of the UPPOA provides:

> An agent under a power of attorney may do the following on behalf of the principal or with the principal's property only if the power of attorney expressly grants the agent the authority and exercise of the authority is not otherwise prohibited by another agreement or instrument to which the authority or property is subject:
>
> (1)  create, amend, revoke, or terminate an inter vivos trust;
>
> (2)  make a gift;
>
> (3)  create or change rights of survivorship;
>
> (4)  create or change a beneficiary designation;
>
> (5)  delegate authority granted under the power of attorney;
>
> (6)   waive the principal's right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan; [or]
>
> (7)  exercise fiduciary powers that the principal has authority to delegate[; or
>
> (8)  disclaim property, including a power of appointment].

www.uniformlaws.org/shared/docs/power%20of%20attorney/UPOAA_2011_Final%20Act_2014sep9.pdf.

[12]  UNIF. DURABLE POWER OF ATTORNEY ACT (Nat'l Conference of Comm'rs on Unif. State Laws, 1979), www.uniformlaws.org/Shared/Docs/Durable%20Power%20of%20Attorney/UDPAA%201979%20with%201987%20Amendments.pdf.

[13] *Id.* at p.3.

–14–

In his first point of error, Wise argues the Power of Attorney failed to comply with sections 491 and 492 of the probate code because it failed to specifically confer on Mitchell authority to act for the decedent in real estate transactions.[14] However, sections 491 and 492 of the probate code related to a statutory durable power of attorney. The Power of Attorney is not in the prescribed form for a statutory durable power of attorney. *See* Act of Mar. 25, 1993, 73d Leg., R.S., ch. 49, § 1, 1993 Tex. Gen. Laws 102, 103–05 (now codified at TEX. EST. CODE ANN. § 752.051 (West 2014)). Rather, at the time the Power of Attorney was executed, it was governed by sections 481 through 489 of the probate code as a non-statutory durable power of attorney.[15] Accordingly, the requirements for statutory durable powers of attorney contained in sections 491 and 492 of the probate code did not apply to the powers delegated to Mitchell by the non-statutory Power of Attorney.

Wise also asserts in his first point of error that the Power of Attorney did not specifically give Mitchell the right to void the Deed or sell real property and did not specifically list any "objects above mentioned" for which Mitchell was authorized to act for the decedent and, therefore, was too vague to convey to Mitchell the right to revoke the Deed. The language of a power of attorney determines the extent of the authority conveyed to the agent. *Armstrong v. Roberts*, 211 S.W.3d 867, 869 (Tex. App.—El Paso 2006, pet. denied). We construe a power of attorney as a whole in order to ascertain the parties' intentions and rights. *In re Estate of Miller*, 446 S.W.3d 445, 455 (Tex. App.—Tyler 2014, no pet.). In determining the limits of an agent's authority, the meaning of general words in the power of attorney are restricted by the context in which they are used. *Gouldy v. Metcalf*, 75 Tex. 455, 458, 12 S.W. 830, 831 (1889); *In re Estate*

---

[14] Sections 491 and 492 of the probate code have been recodified as sections 752.101 and 752.102 of the estates code. *See* Act of May 19, 2011, 82d Leg., R.S., ch. 823, §1.01, 2011 Tex. Gen. Laws 1901, 1909–10.

[15] Non-statutory durable powers of attorney are currently addressed in sections 751.001 through 751.151 of the estates code. *See* Act of May 19, 2011, 82d Leg., R.S., ch. 823, §1.01, 2011 Tex. Gen. Laws 1901, 1901–06.

*of Miller*, 446 S.W.3d at 455. Further, the authority granted by the power of attorney is strictly construed, so as to exclude the exercise of any power that is not warranted either by the actual terms used, or as a necessary means of executing the authority with effect. *Gouldy*, 75 Tex. at 458, 12 S.W. at 831; *In re Estate of Miller*, 446 S.W.3d at 455.

The Power of Attorney authorized Mitchell to "perform any and all acts in my stead and to do and perform all such other matters as may be necessary and expedient for the purpose of carrying out the objects above mentioned." The decedent placed no restrictions on the acts that Mitchell could take as her agent. "Where an instrument is free from qualifying features either on its face or from the evidence, the agent has unlimited power to act in complete substitution for any act which the principal might himself do if present and acting." *Armstrong*, 211 S.W.3d at 870. We conclude the Power of Attorney was not vague and authorized Mitchell to perform "any and all acts" on behalf of the decedent, including revoking the Deed. *See Veatch v. Gilmer*, 111 S.W. 746, 747 (Tex. Civ. App. 1908), (power of attorney authorizing agent to "do any lawful act for and in my name as if I were present" granted power to convey principal's land), *aff'd as modified by Gilmer's Estate v. Veatch*, 102 Tex. 384, 117 S.W. 430 (1909); *Dockstader v. Brown*, 204 S.W.2d 352, 354–55 (Tex. Civ. App.—Fort Worth 1947, writ ref'd n.r.e.). We resolve Wise's first point of error against him.

### *Revocation of Deed*

In his eighth point of error, Wise asserts the trial court erred by granting Mitchell's motion for partial summary judgment because there was a material issue of fact as to whether the decedent intended to grant to him a present interest in the property that was not subject to revocation. When, as in this case, a deed is unambiguous, its construction is a question of law for the court. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). In construing an unambiguous deed, our primary inquiry is ascertaining the true intent of the parties from the language in the

deed.  *Id.*; *Terrell v. Graham*, 576 S.W.2d 610, 612 (Tex. 1979).  To ascertain the parties' intent, we must strive to harmonize all parts of the deed, even if different parts of the deed appear contradictory or inconsistent.  *Luckel*, 819 S.W.2d at 462.  We presume the parties intended every clause of a deed to have some effect.  *Id.*

An instrument is testamentary in nature if the testator intended it to make a revocable disposition of property to take effect on his death.  *Irvin v. Smith*, 497 S.W.2d 796, 799 (Tex. Civ. App.—Beaumont 1973, no writ).  A testamentary document does not vest a present interest, but becomes operative only after the death of the maker.  *Id.*  A deed that does not operate, and was not intended to operate, as a present transfer of the property out of the donor, or to vest a present interest in the donee, but takes effect only after the death of the donor, is testamentary in character.  *Id.*; *Eckert v. Stewart*, 207 S.W. 317, 321–22 (Tex. Civ. App.—Amarillo 1918, writ ref'd) (when grantor in deed reserves control of deed or right to dispose of property during lifetime, such control renders instrument testamentary in character, with right of revocation in grantor); *see also Unsell v. Fed. Land Bank of Houston*, 138 S.W.2d 305, 309 (Tex. Civ. App.—Texarkana 1940, writ dism'd by agr.).[16]

In this case, the Deed conveyed the property to Wise, subject not only to a life estate in favor of the decedent but also to the decedent's rights to sell, convey, mortgage, lease, or otherwise dispose of the property in fee simple with or without consideration and without joinder by Wise; to keep all proceeds derived from any sale; and to appoint different or additional remainder owners without Wise's consent.  The express retention of the power to control and convey the property indicates the decedent did not intend to immediately convey the property to Wise.  *See Wren v. Coffey*, 26 S.W. 142, 143–44 (Tex. Civ. App. 1894, no writ) (express

---

[16] The 84th Texas Legislature enacted the Texas Real Property Transfer on Death Act, which became effective September 1, 2015.  *See* TEX. EST. CODE ANN. §§ 114.051–.057 (West Supp. 2015).  Due to the timing of its enactment, this statute has no impact on this case.

retention in conveyance of power of alienation during lifetime is, in effect, declaration of intention that conveyance "should not have the effect to divest title out of the makers, and invest it in the son, during the lifetime of such makers"); *Sontag v. Cadena*, No. 04-12-00203-CV, 2013 WL 2122059, at *4 (Tex. App.—San Antonio May 15, 2013, no pet.) (mem. op.) (assignment of note and deed of trust not valid gift because grantor, in assignment, retained ownership of property until ten days following his death).  We conclude the Deed was testamentary in nature and vested no interest in Wise prior to the decedent's death.  Therefore, the Deed was subject to revocation by Mitchell acting as the decedent's agent under the Power of Attorney.  We resolve Wise's eighth point of error against him.

### Ex Parte Communication

In his third point of error, Wise contends that, without notice to his attorney, Mitchell's attorney engaged in *ex parte* communications with the trial court in an attempt to convince it to change its November 6, 2014 amended orders on summary judgment and severance.  A judgment may be reversed on appeal only if the trial court made an error that probably caused the rendition of an improper judgment or probably prevented the appellant from presenting the case on appeal. TEX. R. APP. P. 44.1(a)(1).  Wise has failed to demonstrate the alleged *ex parte* communication harmed him in any way.  *See id.*; *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009) (complaining party has burden to show harm on appeal).  Rather, he argues only that Mitchell's counsel's conduct was "intentional and a 'flouting' of the law."  Wise does not cite authority supporting the proposition that, assuming Mitchell's counsel engaged in an *ex parte* communication with the trial court, the existence of the communication alone sufficiently demonstrates it probably caused the rendition of an improper judgment.  Accordingly, Wise has failed to meet his burden of showing any harm from the communication.  *See* TEX. R. APP. P.

38.1(i); *Guniganti v. C&S Components Co., Ltd.*, 467 S.W.3d 661, 666 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We resolve Wise's third point of error against him.

**Conclusion**

We conclude the trial court did not err by granting summary judgment cancelling the Deed, quieting title to the property in Estate, and removing any cloud from the property caused by the Deed. Accordingly, we affirm the trial court's judgment.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

150610F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DONALD L. WISE, Appellant

No. 05-15-00610-CV       V.

VONDA LEA MITCHELL,
INDEPENDENT EXECUTOR OF THE
ESTATE OF MARIE CAROLINE WISE,
Appellee

On Appeal from the Probate Court No. 2,
Dallas County, Texas,
Trial Court Cause No. PR-14-03556-2.
Opinion delivered by Justice Fillmore,
Justices Francis and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Vonda Lea Mitchell, Independent Executor of the Estate of Marie Caroline Wise, recover her costs of this appeal from appellant Donald L. Wise, Jr.

Judgment entered this 20th day of June, 2016.